## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>INTEGRATED PROTEINS LLC,<br><br>       DEBTOR. | Case No. 26-20713-11 |
| IN RE:<br><br>NUTRIHUB LLC,<br><br>       DEBTOR. | Case No. 26-20714-11 |
| IN RE:<br><br>HFO LOGISTICS LLC,<br><br>       DEBTOR. | Case No. 26-20715-11 |

**DEBTOR INTEGRATED PROTEINS, LLC'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO PAY PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS AND CONTINUE RELATED <u>ORDINARY COURSE BUSINESS RELATIONSHIPS</u>**

Debtor Integrated Proteins LLC ("Debtor"), as debtor and debtor in possession (the "Debtor"), files this Motion for Entry of Interim and Final Orders Authorizing the Debtor to Pay Prepetition Claims of Certain Critical Vendors and Continue Related Ordinary Course Business Relationships (the "Motion"). In support thereof, the Debtor respectfully states as follows:

PRELIMINARY STATEMENT

1. The Debtor commenced this chapter 11 case to preserve and maximize the value of its business as a going concern for the benefit of all stakeholders.

2. The Debtor's continued operations depend upon uninterrupted access to certain goods and services supplied by vendors whose continued performance is essential to the Debtor's business operations, customer relationships, supply-chain integrity, and revenue generation.

3. Certain of these vendors are uniquely situated because:

a. they provide sole-source or highly specialized goods or services;

b. replacement vendors are unavailable or cannot be transitioned without substantial delay, disruption, or expense;

c. they possess operational, regulatory, technical, or logistical integration critical to the Debtor's operations; and/or

d. interruption of their services would materially impair the Debtor's ability to continue operating as a going concern.

4. Additionally, the employees of the Debtor are employed by ResourceOne Global, LLC, a subsidiary owned entirely by Nutrihub LLC for the purpose of processing employee payroll. The next payroll is scheduled to be made on May 18, 2026 for the two-week period ending May 11, 2026. Failure to pay the employees of the Debtor would result in the inability and failure of the Debtor to perform its essential operations and functions. This is an indispensable resource of the Debtor.[1]

5. The Debtor has determined, after consultation with management, restructuring professionals, and counsel, that payment of certain prepetition claims of these vendors is necessary to avoid immediate and irreparable harm to the estate.

6. The Debtor seeks authority to pay only those vendors that satisfy the standards articulated in *In re CoServ, L.L.C.*, 273 B.R. 487 (Bankr. N.D. Tex. 2002), including vendors:

a. whose continued performance is essential to operations;

b. who are likely to cease or materially restrict performance absent payment;

c. for whom no practical alternative source exists; and

d. whose continued performance will provide a demonstrable net benefit to the estate.

---

[1] Please see the Budget attached to the Debtor's Cash Collateral Motion that is filed concurrently with this Motion. As reflected therein, payroll not strictly related to the business operations of the Debtors is not included in the Budget and will not be paid.

7. The requested relief is narrowly tailored, supported by sound business judgment, and necessary to preserve going-concern value, maintain customer confidence, avoid operational disruption, and maximize recoveries for creditors.

JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

9. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

11. The statutory predicates for the relief requested herein is section 105(a) of the United States Bankruptcy Code.

BACKGROUND

12. On May 6, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

13. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

14. No trustee or examiner has been appointed.

15. The Debtor operates a business involving the manufacture and sale of USDA graded pet food and pet food supplements.

16. In the ordinary course of business, the Debtor relies upon a network of vendors and suppliers for such things as high quality food materials, inventory, logistics, software, manufacturing, utilities, and operational support.

17. The Debtor has identified certain vendors (the "Critical Vendors") whose uninterrupted performance is necessary to maintain operations and preserve enterprise value.

18. Not unlikely many debtors, at the time of filing, the Debtor recognizes that a degree

of "payment fatigue" has set in with its vendors and suppliers. Despite long-term relationships with these indispensable vendors, the ability and willingness of these often irreplaceable vendors to continue to delay payment and continue to supply their products has become limited.

19. As of the Petition Date, the Debtor estimates that the aggregate amount of prepetition claims held by the Critical Vendors is approximately $40 million. This amount represents less than one month's revenues.

20. The Debtor has determined that interruption of these vendor relationships would likely result in:

       a. immediate supply-chain disruption;

       b. inability to fulfill customer obligations;

       c. operational shutdown or delay;

       d. loss of customer goodwill;

       e. diminished revenue generation;

       f. increased operational costs;

       g. loss of going-concern value; and

       h. materially reduced recoveries to creditors.

21. The Debtor's determination of vendor criticality was made after evaluating:

       a. the uniqueness of the goods or services provided;

       b. the availability and timing of replacement vendors;

       c. transition and onboarding costs;

       d. contractual dependencies;

       e. operational and regulatory integration;

       f. the vendor's prepetition communications and payment demands;

g.     the likely impact of nonpayment; and

h.     the anticipated net benefit to the estate from continued performance.

22.    Certain Critical Vendors have already:

a.     threatened to suspend shipments or services;

b.     imposed cash-on-delivery or accelerated payment terms;

c.     refused to continue performance absent payment; or

d.     indicated that future performance is conditioned upon satisfaction of outstanding prepetition balances.

## RELIEF REQUESTED

23.    By this Motion, the Debtor seeks entry of interim and final orders:

a.     authorizing, but not directing, the Debtor to pay prepetition claims of Critical Vendors in an aggregate amount not to exceed $125,000[2] per week (See Attached Exhibit A);

b.     authorizing the Debtor to continue ordinary-course arrangements with such vendors;

c.     authorizing financial institutions to honor related payments;

d.     authorizing the Debtor to issue replacement checks or electronic transfers; and

e.     granting related relief.

## BASIS FOR RELIEF

24.    Section 105(a) of the Bankruptcy Code provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte,* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process. 11 U.S.C. § 105(a).

---

[2] See Cash Collateral Motion with a referenced amount consistent with this authorization.

25.     While not unlimited, this provision gives the Court broad discretion to enforce the provisions of the Bankruptcy Code and provide relief to the Debtor consistent with the principals of the Code and its underlying purposes.  One of the key purposes of Chapter 11 is to allow a debtor the opportunity to reorganize.

"The ability of a Bankruptcy Court to authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). This equitable common law principle "was first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C. & S.WR.* Co., 106 U.S. 286, 1 S.Ct. 140,27 L.Ed. 117 (1882), and is commonly referred to as either the 'doctrine of necessity' or the 'necessity of payment' rule." *Id.* at 176.

26.     Under the doctrine of necessity, a bankruptcy court may exercise its equitable power to authorize a debtor to pay certain critical prepetition claims, even though such payment is not explicitly authorized under the Bankruptcy Code. *See In re Columbia Gas System,* 136 B.R. 930, 939 (Bankr. D. Del. 1992), *citing In re Lehigh & New England Rwy Co.,* 657 F. 2d 570,581 (3d Cir. 1981) (recognizing that "if payment of a prepetition claim "is essential to the continued operation of [the debtor], payment may be authorized.").

27.     In *Structurelite Plastics Corp,* 86 B.R. 922,931 (Bankr. S.D. Ohio 1988), the bankruptcy court stated that "a bankruptcy court may exercise its equity powers under Section 105(a) [of the Bankruptcy Code] to authorize payment of pre-petition claims where such payment is necessary 'to permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately.'"[4] Designating "critical" vendors is left to the "sound business judgment of the  debtor" subject to the Court's supervision. *In re United Am., Inc.,* 327 B.R. 776, 783-784 (E.D. Va. Bankr. 2005).

28. Here, the Debtor is very mindful of the need to preserve cash flow to the maximum extent possible. Yet at the same time, if the Debtor is unable to obtain the essential supplies and services required to make and distribute its products, the estate and each of its stakeholders will suffer. The vendors identified on Exhibit A are sufficiently necessary and critical that payment should be authorized for making these pre-petition payments. Additionally, Debtors anticipate paying all claims in full through their Chapter 11 plan. As such, there is very little prejudice to other general unsecured creditors that will be created by the granting of this Motion.

WHEREFORE, the Debtor request entry of this Court's Order authorizing the payments to the critical vendors described herein and granting such other and further relief as the court deems just and proper.

Respectfully Submitted:

PRELLE ERON & BAILEY, P.A.
*/s/ David Prelle Eron*
DAVID PRELLE ERON, #23429
JANUARY M. BAILEY, #23926
301 N. Main St., Suite 2000
Wichita, KS 67202
316-262-5500 / 316-262-5559 (fax)
david@eronlaw.net
jauary@eronlaw.net

and

HAUPT LAW PC
*/s/ Robert J. Haupt*
ROBERT J. HAUPT, #28216
9393 W 110th Street, Suite 500
Overland Park, KS 66210
913-498-9390 / 405-706-9292
rhaupt@hauptlaw.com

*Attorneys for Debtors*

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2026 a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to the Office of the U.S. Trustee and to all parties of interest participating in the CM/ECF system.

*/s/ Margaret R. Spangler*
MARGARET R. SPANGLER
Assistant to David Prelle Eron

8

# EXHIBIT A

**Integrated Proteins LLC Critical Vendors (5.6.26)**

| **Domestic - Product Material** | |
|---|---|
| **Total - VEN0000035 American River Ag Inc** | Domestic Supplier - Required to meet current production needs weekly |
| **Total - VEN0000056 Badger Ingredients, Inc.** | Domestic Supplier - Required to meet current production needs weekly |
| **Total - VEN0000075 Boyer Valley Company** | Domestic Supplier - Required to meet current production needs weekly |
| **Total - VEN0000121 Commodity Services Inc.** | 3rd Party Hauler - Critical for us to transport product |
| **Total - VEN0000184 Farmers Union Industries, LLC** | Domestic Supplier - Blending Material required to meet current production needs weekly - Farmer's also auto pulls weekly for a loan for past due balance. |
| **Total - VEN0000482 Saint Paul Commodities, Inc** | Domestic Supplier - Blending Material required to meet current production needs weekly |
| **Total - VEN0000492 Schroeder Country Products** | Domestic Supplier - Blending Material required to meet current production needs weekly |
| **Total - VEN0000502 Seneca Trading, LLC** | Domestic Supplier - Blending Material required to meet current production needs weekly |
| **Total - VEN0000571 US Commodities, LLC.** | Domestic Supplier - Required to meet current production needs weekly |
| **Total - VEN6632358 CEREAL BYPRODUCTS COMPANY** | Domestic Supplier - Required to meet current production needs weekly |

| **International - Product Material** | |
|---|---|
| **Total - VEN0000079 Brf S.A.** | International Supplier pre-ordered material to meet current and future production needs weekly |
| **Total - VEN0000102 CFS North America LLC** | International Supplier pre-ordered material to meet current and future production needs weekly |
| **Total - VEN0000192 Fletcher International Exports Pty LTD** | International Supplier pre-ordered material to meet current and future production needs weekly |
| **Total - VEN0000265 Jg Pears Commodities Limited** | International Supplier pre-ordered material to meet current and future production needs weekly |
| **Total - VEN0000310 Macafish S.A.** | International Supplier pre-ordered material to meet current and future production needs weekly |
| **Total - VEN6632377 Fiordo Austral** | International Supplier pre-ordered blending material to meet current and future production needs weekly |
| **Total - VEN6632486 Harinas de Andalucia SL** | International Supplier pre-ordered blending material to meet current and future production needs weekly |
| **Total - VEN6632568 CSF Proteins Pty Ltd.** | International Supplier pre-ordered blending material to meet current and future production needs weekly |
| **Total - VEN6632577 Faruni - Farinhas e Proteina Animal** | International Supplier pre-ordered blending material to meet current and future production needs weekly |
| **Total - VEN6632583 KVALITAPLUS** | International Supplier pre-ordered blending material to meet current and future production needs weekly |

| **Logisitic Services** | |
|---|---|
| **Total - VEN0000004 24/7 Express Solutions LLC** | 3rd Party Hauler - Needed for weekly transport |
| **Total - VEN0000070 BNSF Railway** | Rail Line used to transport to material |
| **Total - VEN0000203 French Camp Transport** | 3rd Party Hauler - Needed for weekly transport for West Coast |
| **Total - VEN0000326 Mediterranean Shipping Company (US** | Steamship Line - Detention, Demurrage, Import Costs, etc. |
| **Total - VEN0000526 Steam Logistics, LLC** | 3rd Party Hauler as a back up to Commodity Services when they aren't able to Haul Product. |
| **Total - VEN0000566 Union Pacific Railroad** | Rail Line used to transport to material |
| **Total - VEN0000627 Hapag-Lloyd (America) LLC.** | Steamship Line - Detention, Demurrage, Import Costs, etc. |
| **Total - VEN6632456 Maersk** | Steamship Line - Detention, Demurrage, Import Costs, etc. |

| **Warehouse/Brokerage/Tarriffs/Transloading** | |
|---|---|
| **Total - VEN0000153 DFI INC** | Transloading Company to railcars |
| **Total - VEN0000164 Dunning Express Inc** | Part of DFI transloading to railcars and fumigations |
| **Total - VEN0000214 Greenbrier Leasing Company LLC** | Rail Car Leasing Company |
| **Total - VEN0000576 Vance Partners, LLC** | Warehouse on East Coast - Send product by request for Diamond. |
| **Total - VEN6632472 Kuehne & Nagel S.A** | 3rd Party Brokerage Firm to handle all of our International Loads |
| **Total - VEN6632668 Flexport Inc.** | 3rd Party Brokerage Firm to handle all of our International Loads |

| | |
|---|---|
| **Total - VEN6632674 Rail Partners Select LLC** | Rail Car Leasing Company |
| **Total - VEN6632700 US Customs and Border Protection Re** | Tariff Import Costs for International Shipments |

| **Misc Services** | |
|---|---|
| **Total - VEN0000042 Asset Management Group** | Kimball Facility Rent |
| **Total - VEN0000101 Central Bag Company** | Company that we purchase our Super Sacks and Tote |
| **Total - VEN0000118 CNHI Capital** | Loans for Plant Equipment |
| **Total - VEN0000125 Cottingham & Butler** | Insurance Carrier |
| **Total - VEN0000194 Foley Industries** | Plant Equipment - Rentals and Repairs |
| **Total - VEN0000227 Heartland Scales & Guidance** | Plant Equipment-For Scaling in/out Trucks |
| **Total - VEN0000253 IP Pathways** | IT Software |
| **Total - VEN0000322 McAnany Oil Company, Inc.** | Oil and Propane needed at the Facilities for Equipment, Compressors, etc. |
| **Total - VEN0000348 MP Biomedicals, LLC** | Plant Lab Supplies required for testing each load in/out of facility to meet specs. |
| **Total - VEN0000362 NewBOS Partners LLC** | Costs related to the ERP Software specifically for commodities and inventory tracking - Feeds into our Financial ERP System |
| **Total - VEN0000391 Peerless Technology Solutions** | Costs related to our IT Software to maintain compliance |
| **Total - VEN6632397 Oracle America, Inc.** | Quarterly Costs related to the Financial ERP Software |