# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re: Integrated Proteins, LLC, *et al.*,

Case No. 26-20713-11

Debtors.[1]

Jointly Administered

---

## U.S. Trustee's Objection to Debtors' Critical Vendor Motion

---

The U.S. Trustee objects to the debtors' motion to authorize—but not require—approximately $40 million to so-called critical vendors[2] because the debtors fail to carry their burden to establish why any pre-petition creditors should be treated as critical vendors and because the debtors do not have the money to pay the favored creditors early.

## Background

The Integrated Proteins debtors operate together with several affiliated non-debtor entities to manufacture and distribute pet food. On May 6, Integrated Proteins, its affiliate HFO Logistics, and their parent company Nutrihub all filed their petitions in chapter 11. Each of them selected the box estimating that after any administrative expenses are

---

[1] Other debtors are Nutrihub, LLC (Case No. 26-20714) and HFO Logistics, LLC (Case No. 26-20715).

[2] Doc. #30.

1

paid, there wouldn't be any funds to distribute to unsecured creditors. None of the debtors filed schedules, other than the schedule of the 20 largest unsecured creditors.

One of the first-day motions debtors filed is the critical-vendor motion at issue. The debtors propose to have the Court authorize—but not require—them to pay "approximately $40 million" in pre-petition claims to some creditors. Because the debtors have not filed schedules yet, it is unknown what percentage of the unsecured class that is, but at the May 11 hearing one of the debtors' counsels indicated it was a significant portion of the unsecured creditors.

The Court has already authorized approximately $850,000 to ResourceOne, an affiliate that handles all the employees of the enterprise. But the debtors don't identify with any specificity the other creditors they propose to pay, nor the amounts.

The debtors don't explain why any particular pre-petition creditor is a critical vendor. Although the debtors assert generally that the favored vendors are critical to the operation, there is little to the debtors' motion beyond conclusory assertions.

2

It's clear that the debtors don't have the cash to pay. They propose to pay up to $125,000 per week toward these pre-petition claims, which means it would take 320 weeks to pay the favored vendors. That's more than 6 years, so the payments would run the length of the case and any plan.

## Argument and Authorities

The motion seeks authorization to pay—or consider paying—some pre-petition creditors as critical vendors under 11 U.S.C. § 105(a). But the debtors haven't provided sufficient evidence to validate that designation.

The United States Supreme Court has recognized that some courts have approved "critical vendor" orders—even though that departs from the usual priority rules—when those courts have found that such distributions "enable a successful reorganization and make even the disfavored creditors better off."[3] But as the court in *In re Kmart Corp.* noted, § 105(a) cannot support such an order as it confers power to implement the Code, not to override it.[4] "Every circuit that has

---

[3] *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 985 (2017), *quoting In re Kmart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004).

[4] 359 F.3d at 871.

considered the question has held that this statute does not allow a bankruptcy judge to authorize full payment of any unsecured debt, unless all unsecured creditors in the class are paid in full."[5]

Instead, the court there allowed that the "critical vendor" doctrine may be supportable in certain limited cases by § 363(b)(1).[6] But the debtors are required to prove—not simply allege—that (1) the vendors are in fact critical, (2) the critical vendors will cease deliveries if the old debts are left unpaid, and (3) the disfavored creditors will be at least as well off as they would be if the motion were denied.[7]

Here, the request by the debtors does not satisfy any of these elements. First, the debtors don't explain how any of these vendors are critical to their continued operation, especially because it is apparently behind on payment to many of these pre-petition creditors. The debtors assert criticalness generally, but it provides no evidence regarding any particular vendor.

---

[5] *Id.*

[6] *Id.* at 872-74.

[7] *Id.*

Case 26-20713    Doc# 64    Filed 05/13/26    Page 4 of 7

Second, there is insufficient evidence that these vendors would all cease doing business with the debtors if these pre-petition amounts are not paid immediately. "If vendors will deliver against a promise of current payment, then a reorganization can be achieved, and all unsecured creditors will obtain its benefit, without preferring any of the unsecured creditors."[8] In fact, the debtors don't plan to pay the vendors immediately, but just allow them to participate in payments from what is really more like a slush fund over the next six years.

Third, there is no information presented for the Court to consider if payment of these pre-petition amounts would benefit the disfavored creditors. What this looks like is the debtors want to assure favored creditors by locking in authority to pay them, while disfavored creditors will get nothing. Said differently, this appears to be a way to pay some vendors while avoiding payments to MCAs or other unsecured creditors the debtors don't want to pay. Nothing in the Bankruptcy Code supports this attempt to treat unsecured creditors differently than each other. The debtors' proposal sounds more like an impermissible *sub rosa* plan than a motion to pay critical vendors.

---

[8] 359 F.3d at 873.

Beyond the failure to prove any of the three required elements to justify paying some pre-petition creditors as critical vendors, the debtors want the authority to pay certain pre-petition claims without the obligation to pay any of them. If the vendors are critical, how can the debtors walk away from continuing to work with some or all of them?

Finally, even if the Court wanted to grant some portion of the motion, how can the Court authorize any payment without identification of the payee or the amount?

## Conclusion

The debtors seek approval to pay some pre-petition debts, but approval requires proof of three elements for pre-petition creditors to be categorized as "critical vendors" and preferred over other unsecured creditors. The debtors have not met that standard. The Court should deny the motion.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: s/Richard A. Kear
Richard A. Kear, #20724
Trial Attorney

6

301 N. Main St., Suite 1150
Wichita, KS 67202
(202) 573-6945
Richard.Kear@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 13, 2026, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: s/Richard A. Kear

7