| IN RE:<br><br>INTEGRATED PROTEINS LLC<br><br>　　　　　　　　DEBTOR. | Case No. 26-20713-11<br>**LEAD CASE**<br>*Jointly Administered with cases below* |
|---|---|
| IN RE:<br>NUTRIHUB LLC<br>　　　　　　　　DEBTOR. | Case No. 26-20714-11 |
| IN RE:<br>HFO LOGISTICS LLC<br>　　　　　　　　DEBTOR. | Case No. 26-20715-11 |

**SUPPLEMENT TO DEBTORS' MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND PAYMENT OF ADEQUATE PROTECTION**

Debtors Integrated Proteins LLC ("IP"), NutriHub LLC ("Nutrihub"), HFO Logistics LLC ("HFO" and collectively "Debtors"), by and through their counsel Prelle Eron & Bailey, P.A. and Robert J. Haupt of Haupt Law PC, notify the Court of partial resolution of the Motion for Order Authorizing Interim Use of Cash Collateral and Payment of Adequate Protection ("Motion"), filed on May 7, 2026 as Doc. 31 in the lead case of IP and May 8, 2026 as Doc. 28 in the associated cases of Nutrihub and HFO. Debtors have communicated extensively with counsel for parties appearing herein claiming an interest in cash collateral, including First Interstate Bank ("FIB"), Kompass Kapital Funding, LLC ("Kompass"), WebBank, Harper Advance, LLC ("Harper"), Spring Funding FL, LLC ("Spring Funding"), and BlueRock Capital, LLC ("BlueRock"). An agreement has been reached as to all terms. The proposed order is attached hereto as Exhibit A. Based upon agreement of the parties, none of the parties have filed any objection or other response to the Motion. Witnesses and exhibits will be available at the hearing at 1:45 p.m. today for examination if necessary. Additionally, in the interests of full disclosure to the Court and all

1

parties, attached hereto as Exhibit B is a copy of Exhibit A, which is redlined to the original proposed order, which was attached to the Motion as Exhibit 8.

WHEREFORE, Debtors request that the Court accept a proffer concerning the Motion and proposed orders generally and for such other relief as the Court deems appropriate.

Respectfully Submitted:

PRELLE ERON & BAILEY, P.A.
 */s/ David Prelle Eron*
DAVID PRELLE ERON, #23429
JANUARY M. BAILEY, #23926
301 N. Main St., Suite 2000
Wichita, KS 67202
316-262-5500 / 316-262-5559 (fax)
david@eronlaw.net
january@eronlaw.net

and

HAUPT LAW PC
 */s/ Robert J. Haupt*
ROBERT J. HAUPT, #28216
9393 W 110th Street, Suite 500
Overland Park, KS 66210
913-498-9390 / 405-706-9292
rhaupt@hauptlaw.com

*Attorneys for Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to the Office of the U.S. Trustee and to all parties of interest participating in the CM/ECF system.

*/s/ Margaret R. Spangler*
MARGARET R. SPANGLER
Assistant to David Prelle Eron

2

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>INTEGRATED PROTEINS LLC<br><br>    DEBTOR. | Case No. 26-20713-11 |
| IN RE:<br><br>NUTRIHUB LLC<br><br>    DEBTOR. | Case No. 26-20714-11 |
| IN RE:<br><br>HFO LOGISTICS LLC<br><br>    DEBTOR. | Case No. 26-20715-11 |

**<u>INTERIM ORDER AUTHORIZING</u>**
**<u>INTERIM USE OF CASH COLLATERAL</u>**
**<u>AND PAYMENT OF ADEQUATE PROTECTION</u>**

This matter comes before the Court on the motion of Debtors Integrated Proteins LLC ("IP"), NutriHub LLC ("Nutrihub"), and HFO Logistics LLC ("HFO") (collectively "Debtors"), for Order Authorizing Interim Use of Cash Collateral and Payment of Adequate Protection (the "Motion"), (Doc. 31, Case No. 26-20713; Doc. 28, Case No. 26-20714; Doc. 28, Case No. 26-

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**    of Adequate Protection**
May 11, 2026
Page 2

20715), filed on May 7, 2026.  The Motion was noticed on an expedited basis and an expedited hearing was held on May 11, 2026, at 10:00 a.m.  David Prelle Eron and January M. Bailey of Prelle Eron & Bailey, P.A. and Robert J. Haupt of Haupt Law PC, appeared on behalf of the Debtors.  Bradley D. McCormack of Sader Law Firm appeared on behalf of interested parties Hubbard Ingredients, LLC ("HI") and Purdy Boys, LLC ("PB").  Robert S. Baran of Conroy Baran LLC appeared on behalf of interested party Innovity Ventures, LLC ("Innovity").  Bruce D. LeMoine and Erin M. Edelman of Armstrong Teasdale appeared on behalf of First Interstate Bank ("FIB").  Andrea Chase of Spencer Fane appeared on behalf of Kompass Kapital Funding, LLC ("Kompass").  Sharon L. Stolte of Sandberg Phoenix & vonGontard P.C. appeared on behalf of Schroeder Country Products.  Richard A. Kear appeared on behalf of the United States Trustee. Robert Hammeke and Nathan C. Walsh appeared as observers.  In addition to the aforementioned counsel, the following people appeared: Jeff Cianciulli for WebBank; Leib M. Lerner and Douglas J. Harris for Harper Advance, LLC; Jacob VanAusdall for Blue Rock Capital; Mark Plapp for Open Range Agriculture; Bennett Young for American River Ag; Monica Clark for St. Paul Commodities; and, Bryant S. York for Spring Funding.  Based upon the Motion, statements of counsel, and the record herein,

THE COURT FINDS THAT:

A. On May 6, 2026 ("Petition Date"), the Debtors filed Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code.  No chapter 11 trustee has been appointed herein.  No creditors committee has been appointed herein.  Debtors are debtors-in-possession.

B. This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
    **of Adequate Protection**
May 11, 2026
Page 3

C.  This matter is a core proceeding under 28 U.S.C. §157(b).

D.  Venue is proper in this District under 28 U.S.C. §§1408 and 1409.

E.  The bases for the relief sought and granted in this Interim Order are sections 105, 361, 362, 363, 364, 503, 506, 507, and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rules 9006.1, and 9013.1.

F.  Debtors assert that they collectively own and operate a pet food manufacturing operation ("Business") in and around the greater Kansas City metro area in both Kansas and Missouri;  IP is the primary operating company, manufacturing and selling the pet food products;  HFO provides freight and transportation services for the manufactured products and inventory;  Nutrihub is the sole member of both IP and HFO;  HI owns the majority interest in Nutrihub and leases a single factory to IP;  PB and Innovity own substantial portions of the Business' rolling stock and manufacturing equipment; additionally, Innovity and Purdy Holding Group, LLC (a subsidiary of HI) lease or sublease certain factories to IP where IP conducts its manufacturing operations; Debtors employ, through a non-debtor affiliate, Resource One Global, LLC ("ROG"), approximately 250 workers;  the Business generates over $20 million each month in gross revenues;  it relies heavily on one primary customer, and a web of vendors and suppliers; and  maintaining these relationships is critical to the ongoing viability of the Business.

G.  The Debtors intend to reorganize the Business, restructure their liabilities, and/or liquidate as a going concern.  In order to do so, Debtors must continue to pay their

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
    of Adequate Protection**
May 11, 2026
Page 4

ongoing expenses for vendors, leases, labor, utilities, maintenance and repairs, professionals, and other ordinary operational costs.

H. Debtors assert cash flow has been a significant problem for the Business recently; despite being mostly current on their outstanding obligations to lenders, Debtors have accumulated approximately $40 million in non-insider trade debt or payables, and another $18 million in liabilities for merchant cash advances ("MCA"); and eliminating the enormous drain on cash flow required to service the MCA liabilities in and of itself will dramatically improve the Business' cash flow.

I. Debtors entered into prepetition merchant cash advance agreements (the "MCA Agreements") with, among others, Harper Advance, LLC ("Harper"), Spring Funding FL, LLC ("Spring Funding"), and BlueRock Capital, LLC ("BlueRock"), and these agreements are alleged to be for the purchase of Debtors' and the estates' accounts and receivables ("Receivables") that are allegedly not included in Cash Collateral (as defined below). In support of its interest, Spring Funding asserts that it filed a UCC Financing Statement with the Wyoming Secretary of State on April 28, 2026 to perfect its security interest.

J. On the Petition Date, Debtors allegedly owned certain cash collateral, consisting of, to the extent lienable and subject to liens under applicable law, cash and cash equivalents, such as funds held on deposit, negotiable instruments, rents, work in progress, accounts, receivables (including the Receivables), general intangibles, governmental subsidies, tax refunds, insurance proceeds, choses in action, and other assets readily converted into operational funding for the Debtors, together with proceeds from or related to the

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
     of Adequate Protection**
May 11, 2026
Page 5

foregoing items, and substitutes for these items (collectively "Cash Collateral"). The use of the terms "collateral" or "Cash Collateral" throughout this Order shall be without prejudice to the rights of any Other Lienholders (as defined below) to assert any claim that certain property, including accounts and receivables, are neither collateral of FIB, Kompass, or WebBank, nor owned by the Debtors or property of the estate, and such references shall not be construed as a judicial determination of the foregoing. Reference to "accounts" and "receivables" in the definition of Cash Collateral correspond to the Receivables allegedly purchased by the MCA Agreements.

K. The entities reflected on Exhibit 1 to the Motion assert or may assert a lien or other interest in or on all or a portion of the Cash Collateral and the Receivables (as defined below). The entities reflected on Exhibit 1, but excluding FIB, Kompass, and WebBank, are herein referred as "Other Lienholders". The use of the term "Lienholders" shall be without prejudice to the claim of any of the Other Lienholders that they own all or a portion of any of the Cash Collateral or Receivables.

L. Debtors allege that the Cash Collateral, including the Receivables, is owned almost entirely by IP, and the Cash Collateral is subject to a first priority lien ("FIB Lien") of FIB, securing a balance of approximately $22,205,124.20 ("FIB Claim"), and a second priority lien ("Kompass Lien") of Kompass, securing a balance of approximately $9,525,327.42 ("Kompass Claim").

M. Attached to the Motion as Exhibit 2 is the Accounts Receivable Aging Reports for IP and HFO ending April 2026 ("Aging Report"), which reflects gross accounts Receivables of $8,299,209.20 as calculated by the Debtors as of April 24, 2026,

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
    of Adequate Protection**
May 11, 2026
Page 6

excluding intercompany payables and doubtful receivables.  For avoidance of doubt, Receivables are those accounts and receivables alleged to be purchased pursuant to the MCA Agreements, and are inclusive of but not limited to the list of receivables as of April 24 set forth in the Aging Report.  The Debtors allege deposits placed with various landlords, utilities, and professionals as reflected on Exhibit 3 to the Motion totaling approximately $2,026,254.50 ("Deposits"). The Debtors estimate that their inventory as reflected on Exhibit 4 has a book value of approximately $22,962,480.10 ("Inventory").  This Order does not determine the amount or value of the Cash Collateral.

N. Debtors allege that FIB holds a senior blanket security interest in and to the Debtors' Cash Collateral, and that Kompass holds a second priority blanket security interest in and to the Debtors' Cash Collateral.

O. Nothing herein shall determine the nature, extent, validity, or value of any interest of any party holding any colorable interests in the Cash Collateral.  Nor shall this Order determine the Debtors' ownership interest in and to the Receivables.

P. Debtors require the use of Cash Collateral to fund all of their ordinary operating expenses during the Specified Period through August 4, 2026 (or plan confirmation, whichever comes first).  The proposed uses are detailed in the "Budget" attached to the Motion as Exhibit 5. The total requested usage during the Specified Period is approximately $57,000,000, though the Debtors project revenue of more than $60,000,000 during the Specified Period.  The usage requested in the Budget is

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
   of Adequate Protection**
May 11, 2026
Page 7

reasonable, and the usage authorized by this Order is necessary to prevent immediate and irreparable harm to the Debtors and their bankruptcy estates.

Q. The Debtors do not have available sources of working capital and financing to carry on the Business and these bankruptcy proceedings without the use of Cash Collateral. In order to operate in Chapter 11 and maximize the value of the estate, the Debtors must have access to the revenues generated in the ordinary course of business. Overall, the Debtors require the use of Cash Collateral to maintain the Business. The use of Cash Collateral is therefore critical to maximize the value of the estates and pay claims to the extent required or feasible.

R. The Debtors are authorized as set forth below to use Cash Collateral in compliance with the Budget. All payments described in the Budget are necessary to maintain and continue the Business and preserve the value of the estate for the benefit of its creditors. Without cash to make the payments outlined in the Budget as authorized herein, immediate and irreparable harm will occur to the Business, the value of the assets of the estates, and the interest of the Debtors, their Estates, and their creditors.

S. The adequate protection payments and replacement liens provided below have been consented to by or otherwise adequately protect the interests of FIB, Kompass, WebBank, and the Other Lienholders in the Cash Collateral.

T. Debtors have further sought authority to make payments to a) certain critical vendors and b) secured lenders or lessors as to equipment used in the Debtors' operations, all as detailed on the Budget. The payments as authorized below are necessary to prevent immediate and irreparable harm to the Debtors and their bankruptcy estates and with

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:   Integrated Proteins LLC – Case Nol 26-20713-11
In re:   NutriHub LLC – Case Nol 26-20714-11
In re:   HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
    of Adequate Protection**
May 11, 2026
Page 8

respect to the applicable lessors and secured lenders are necessary to provide such creditors with adequate protection.

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion shall be and hereby is GRANTED, in part, as modified herein and subject to the following terms and conditions.

2. Debtors are authorized to fund intercompany payments that are necessary to pay for ongoing usage of employees, factories, facilities, equipment, and rolling stock. These payments are reflected on the Budget. For example, the Budget includes a line item for payment of approximately $2,000,000 each month to pay for the salaries and wages of employees of ROG.  This is then reduced by $62,000.00 every two weeks in the "Post-Filing Expense Reductions" section of the Budget by eliminating payments on account of employees that work for three affiliated entities (Hubbard Cattle Co., LLC, Hubbard Construction, LLC, and Hank and Roy, LLC) that are not integral parts of the Business.  Debtors are authorized to make these payments.  Similarly, there is a line for "HFO Transfer – Purdy Boys Debt," which represents secured creditor payments for leased and financed equipment being paid by IP to HFO, and then HFO to PB, who then pays the applicable creditor.  Debtors are authorized to continue making the applicable payments, reduced by 25% post-petition, as reflected in the "Post-Filing Expense Reductions" section of the Budget titled "Reduce debt service on Equipment."  In the case of rental payments to affiliated parties, such payments shall be limited to the amount necessary to

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
     of Adequate Protection**
May 11, 2026
Page 9

maintain reasonably necessary operating expenses for the applicable facility. In the case of the applicable equipment payments, Debtors are authorized to make adequate protection payments to the applicable lessors and/or lienholders, at 75% of the pre-petition payment amount.  Debtors are further authorized to make the critical vendor payments reflected in the Budget, which Debtors have separate sought authority to pay in a contemporaneously filed Motion for Authority to Pay Critical Vendors.

3.  The Debtors are authorized to use the Cash Collateral during the Specified Period (as defined below), in a manner consistent with the Budget.

4.  The Debtors shall deposit the Cash Collateral into their existing bank accounts consistent with pre-petition practices.  All creditors shall deliver any proceeds from the ordinary operations and/or sales related to the Business to the applicable Debtor, and endorse any Cash Collateral checks on which any of them are jointly listed as a payee so that such payments and proceeds may be deposited into that Debtor's bank accounts.  The foregoing notwithstanding, this provision shall not apply to any proceeds from sales outside the ordinary course of business.

5.  FIB, Kompass, Webbank, Harper, Spring Funding, BlueRock, and the Other Lienholders are granted replacement liens and post-petition liens on post-petition assets.  Such replacement liens and continuing liens shall be in proportion to and to the extent that the Cash Collateral and Receivables, as applicable, are used by Debtors on a post-petition basis, and in the same order and priority as such liens existed on the Petition Date, and to the same extent as such lien positions in such

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May 11, 2026
Page 10

Cash Collateral and Receivables, as applicable, as it existed on the Petition Date.

FIB, Kompass, Webbank, Harper, Spring Funding, BlueRock, and the Other

Lienholders shall not receive an improvement in position as a result of the liens

granted hereunder.

6.      All Other Lienholders shall additionally receive a replacement interest in any

Receivables earned by Debtors after the Petition Date co-extensive (as to nature,

extent, validity, priority, and amount) with the interests that each of the Other

Lienholders a) owned as of the Petition Date, and b) actually received by the

Debtors following the Petition Date ("Replacement Interests").   The Other

Lienholders shall not receive an improvement in position as a result of the

Replacement Interests.

7.      Below is a summary of the nature of the Debtors' request and proposed use of Cash

Collateral:

a.      <u>Parties with Interest in Cash Collateral and Value of Collateral</u>.  FIB,
Kompass, and WebBank assert a properly perfected first-priority and
second-priority security interest in the Cash Collateral, a lien on other real
estate, equipment, furniture, and personal property of the Debtors, as well
as certain liens on certain assets of other non-debtor affiliates. True and
correct copies of the FIB Lien documents were attached to the Motion as
Exhibit 6.  True and correct copies of the Kompass Lien documents were
attached to the Motion as Exhibit 7.  Harper, BlueRock, and Spring Funding
assert a properly perfected security interest in the Receivables. The Other
Lienholders, including Harper, BlueRock, and Spring Funding, also assert
that they hold claims of varying degrees to the Cash Collateral.  As of the
Petition Date, the Debtors estimate FIB and Kompass's claims at
$31,730.451.42, but these amounts do not include attorneys' fees and
additional interest accruals since the dates on which the Debtors obtained
the respective balances.  The replacement liens and the Replacement
Interests have been consented to by or otherwise are sufficient protection

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**    of Adequate Protection**
May 11, 2026
Page 11

for any interests of any party in the Cash Collateral.  Debtors reserve the right to dispute and contest any and all claims.

b.  <u>Use of Cash Collateral</u>.  The Debtors are authorized to use Cash Collateral to pay expenses of the Business and the bankruptcy process in accordance with the Budget, up to amounts not to exceed 110% of each line-item amount set forth in the Budget measured monthly, with a variance of up to four weeks for each monthly expense.  Additionally, Debtors are authorized to increase the use of Cash Collateral by a pro rata percentage of any increase in the gross revenues received by the Debtors compared to the projected revenues listed on the Budget.  Except for these built in adjustments, the Cash Collateral used by the Debtors shall not be modified except by agreement of FIB, Kompass, WebBank, BlueRock, Harper, and Spring Funding, and Debtors, or as may be otherwise ordered by the Court.  The consent of FIB, Kompass, Harper, Spring Funding, and/or Debtors may be provided by and through counsel for each.  Statutory fees under 28 USC § 1930 will be paid in full as due and not limited by any amount listed in the Budget. In no event should Cash Collateral be used to pay pre-petition claims or obligations, other secured claims, or obligations to insiders unless specifically authorized by the order authorizing use of Cash Collateral or separate order from the Court. FIB, Kompass, Harper, WebBank, BlueRock, and Spring Funding reserve all rights regarding the Budget, including the right to request that the Debtors provide additional information regarding the Budget; the right to request that the Debtors modify the Budget; and/or the right to object to any expenditure within the Budget.

c.  <u>Termination Date</u>.  Debtors are provided interim authority to use Cash Collateral only until the Final Hearing can be held.  Thereafter, and subject to the Debtors' right to request additional cash collateral authority for further periods on proper notice, the Debtors may be granted authority to use Cash Collateral through August 4, 2026, at 11:59 p.m., or such other date and time as ordered by the Court (the "Specified Period").  The Specified Period may be extended by agreement of the Debtors, FIB, Kompass, WebBank, Harper, BlueRock, and Spring Funding, or upon further order of the Court. The parties receiving adequate protection payments have consented to the amount of those payments as specified herein, without waiver. During the Specified Period they have consented to or will otherwise be adequately protected by the adequate protection payments and the post-petition replacement liens in the Debtors' assets to the extent of any Cash Collateral used by the Debtors and the Replacement Interests, in and to the same forms of property to which the liens had attached pre-petition, and in the same order and priority as such liens

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:   Integrated Proteins LLC – Case Nol 26-20713-11
In re:   NutriHub LLC – Case Nol 26-20714-11
In re:   HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
     of Adequate Protection**
May 11, 2026
Page 12

currently exist.  Such liens shall be of the same nature, extent, and validity as existed on the Petition Date.  Nothing hereunder shall entitle any creditor to improve its position from its position on the Petition Date.  Nothing herein, through the Specified Period, shall prejudice any party's rights to petition the Court to prohibit or restrict use of Cash Collateral and/or to seek relief from the automatic stay under 11 U.S.C. § 362(d).

d.   Events of Default.  The occurrence of any of the following events, unless waived in writing by FIB, Kompass, WebBank, Harper, BlueRock, and Spring Funding shall constitute an event of default (the "Events of Default"):

1)   the failure to timely make an adequate protection payment to Kompass, FIB, WebBank, BlueRock, Harper, and/or Spring Funding;

2)   the failure to provide the Weekly Reports (defined below) to FIB, Kompass, WebBank, BlueRock, Harper, and/or Spring Funding within five (5) business days after end of each week;

3)   the entry of an order by the Court granting relief from or modifying the automatic stay of Section 362 of the Bankruptcy Code to allow any creditor to execute upon or enforce a lien on or security interest in any of the Cash Collateral;

4)   dismissal of the case or conversion of the case to one under Chapter 7 of the Bankruptcy Code;

5)   the sale after the Petition Date of any portion of any of the Debtors' assets outside the ordinary course of dealing and without approval by the Court under 11 U.S.C. §363;

6)   the failure to maintain insurance on any of Kompass's or FIB's collateral;

7)   the failure by the Debtors to perform, after notice from FIB, Kompass, WebBank, BlueRock, Harper, or Spring Funding, in any respect, any of the material terms, provisions, conditions, covenants, or obligations under this Interim Order or under the requirements of the underlying loan documents between the Debtors and FIB and Kompass, to the extent such requirements materially affect the Collateral and are not otherwise inconsistent with the terms of this Interim Order or bankruptcy law.

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
of Adequate Protection**
May 11, 2026
Page 13

e. <u>Rights and Remedies Upon an Event of Default</u>. If the Debtors default in their financial, reporting or other obligations under the terms of this Interim Order, then FIB, Kompass, WebBank, BlueRock, Harper, or Spring Funding may, but shall not be required to, deliver a written Notice of Default to the Debtors by e-mail delivery of such Notice of Default to each of the Debtors' counsel of record, with copies of the Notice of Default also being emailed to counsel for FIB, Kompass, WebBank, BlueRock, Harper, and/or Spring Funding (as applicable). The Debtors and the party asserting the default shall attempt in good faith to informally resolve or rectify the default. If the Debtors and the objecting party are unable to informally resolve the default within five (5) business days of the delivery of the Notice of Default ("Resolution Period") then the Debtors' authority to use Cash Collateral as authorized by this Interim Order shall cease two (2) business days after the expiration of the Resolution Period, unless, prior to that date, the Debtors either (a) cure the Notice of Default to the satisfaction of the party sending the Notice of Default, or (b) file a motion with the Court requesting that their authority to use Cash Collateral continue, and obtains and notices out a hearing on the motion for a date that is no more than 10 days from the date of filing of the motion, or at the first available date thereafter if the Court's calendar will not accommodate a hearing within such period. If such a motion is filed with the Court and noticed out for hearing as required herein, then the Debtors' authority to use and spend Cash Collateral pursuant to the terms of this Interim Order shall continue pending the Court's decision on the motion.

f. <u>Adequate Protection</u>.

1) As partial adequate protection, FIB, Kompass, WebBank, BlueRock, Harper, Spring Funding, and the Other Lienholders are granted a valid, automatically perfected replacement lien against the assets of the Debtors, for the full amount of the Cash Collateral and Receivables, as applicable, which is utilized pursuant to this Interim Order. Additionally, the Other Lienholders granted the Replacement Interests in the Receivables. The replacement liens and Replacement Interests shall have the same validity, avoidability, priority, and value as the security interests, liens, and/or ownership interests existing against or in the Cash Collateral and Receivables, as of the date of this Interim Order. The replacement liens and Replacement Interests shall be valid and perfected without the need for the execution, recording or filing of any further document or instrument or the taking of any further act otherwise required under non- bankruptcy law, to the same extent that such liens or interests

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
    of Adequate Protection**
May 11, 2026
Page 14

were valid and perfected on the Petition Date. Any statements or filings required to be filed to preserve or extend (but not otherwise increase or expand) any lien or interest held by FIB, Kompass, WebBank, BlueRock, Harper, Spring Funding, and the Other Lienholders may be filed or recorded at any time during the pendency of this case without a stay relief order or otherwise seeking or obtaining the permission of the Court. The Replacement Interests shall be co-extensive (as to nature, extent, validity, priority, and amount) with the interests and value that each of the Other Lienholders owned as of the Petition Date, to the extent that such Receivables have been actually received by the Debtors following the Petition Date.

2) FIB and Kompass, for their benefit, are granted, (i) an additional and replacement continuing valid, binding, enforceable, non-avoidable, and automatically perfected post-petition security interest in and lien (the "Post-Petition Adequate Protection Liens") on any and all presently owned and hereafter acquired personal property and all other assets of the Debtors and the estates, together with any proceeds thereof, including, without limitation, as set forth in the loan documents, to the extent the foregoing is owned by the Debtors and the estates; (ii) the payments set forth in the Budget; and (iii) payments from the proceeds from the auction or sale of their collateral (other than Cash Collateral) at the closing of the sale of any such transaction, with such payments to be made to FIB and Kompass according to their relative interests and priority in the assets as of the Petition Date.

To the extent FIB and/or Kompass has a claim against the Debtors arising from the diminution in value of their collateral, FIB and Kompass shall have the right to assert superpriority claims pursuant to 11 U.S.C. §§ 503(b) and 507(b). Additionally, FIB and Kompass's claim is protected by several guarantees from the Debtors' insiders. In each case, as to the Post-Petition Adequate Protection Liens and, to the extent sought and granted by the Court, any superpriority claims, FIB shall hold the first priority position and Kompass shall hold the second priority Post-Petition Adequate Protection Liens as between them, and such positions shall continue to be governed by that certain Subordination and Intercreditor Agreement dated May 9, 2024 by and between FIB and Kompass. To the extent of any superpriority claims, Debtors shall retain the right to apply the terms of the Carve Out to such claims, as originally set forth in the Motion.

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
    **of Adequate Protection**
May 11, 2026
Page 15

3) Debtors shall make adequate protection payments to FIB, Kompass, and WebBank in the amounts of $57,692.31 per week, $23,527 per week, and $1,605.50 per week respectively. Debtors shall also make adequate protection payments to the Other Lienholders other than WebBank in the amount of $32,429.71, cumulatively. As to Other Lienholders who have appeared, Debtors shall pay Spring Funding FL, LLC $6,889.91 per week, BlueRock Capital, LLC $3,334.50 per week, and Harper Advance, LLC $5,000 per week. The remaining balance of the adequate protection payments to the Other Lienholders shall be paid to and held in escrow by FIB in a separate interest-bearing account, which shall not be accessed by the Debtors pending agreement of the applicable Other Lienholder (on a pro rata basis) and the Debtors or subsequent order of the Court. The adequate protection payments shall be applied, as applicable, to the secured portion of any claim or to the ownership interest in any Receivables held by FIB, Kompass, or the Other Lienholders. In the event that such adequate protection payments cumulatively exceed the actual value of the respectively secured claim or interest as it existed on the Petition Date, Debtors and the estate shall retain the right to seek recovery such excess payments from the recipient. Additionally, all holders of any claim or interest in the Cash Collateral expressly reserve any and all rights to pursue claims against one another.

4) The Debtors shall continue to maintain adequate and sufficient insurance on all their property and assets.

5) At reasonable intervals and upon reasonable request by FIB, Kompass, WebBank, BlueRock, Harper, and/or Spring Funding, the Debtors shall grant the requesting party reasonable access to audit, examine, and inspect their collateral wherever located, along with any books and records related to their collateral or the Debtors' business operations so long as these activities do not unreasonably interfere with, or delay, Debtors' ordinary course of business operations during normal business hours and normal business activities. FIB, Kompass, WebBank, BlueRock, Harper, and/or Spring Funding shall provide Debtors with two business days' notice prior to any audit, examination, or inspection.

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
    of Adequate Protection**
May 11, 2026
Page 16

6) By no later than May 22, 2026, Debtors shall provide FIB, Kompass, WebBank, BlueRock, Harper, and Spring Funding or their professionals, the following:

   i) A schedule of the debt owed to the parties included under the "Finance Payments" category of the Budget;

   ii) Copies of any machinery and equipment appraisal (if any);

   iii) Copies of any inventory appraisal (if any);

   iv) A listing of employees with salary amounts proposed to be paid pursuant to the Budget;

   v) Copies of any loan documentation and accounts payables owed to Farmers Union.

7) The Debtors shall provide weekly reports to FIB, Kompass, , and the Other Lienholders reconciling actual expenditures to the Budget due by the end of the following week. The weekly reports shall also include a detailed breakdown of revenues and expenses from operations and a detailed breakdown of the Debtors' payroll (the "Weekly Reports"). The first Weekly Report shall be due not later than May 22, 2026, and continue weekly thereafter.

8) The adequate protection granted in this Interim Order is without prejudice to FIB, Kompass, WebBank, BlueRock, Harper, Spring Funding, and the Other Lienholders seeking further and other adequate protection, including without limitation seeking a waiver of any rights under 11 U.S.C. § 506(c) in any final order approving the use of Cash Collateral. In the event that any party seeks such additional protections, the Debtors shall retain the right to seek reduced protections as against that party, from those granted herein.

8. Nothing herein shall constitute a determination concerning the nature, extent, validity, and/or priority of the liens, interests, and claims of FIB, Kompass, WebBank, BlueRock, Harper, Spring Funding, or the Other Lienholders as set forth

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:   Integrated Proteins LLC – Case Nol 26-20713-11
In re:   NutriHub LLC – Case Nol 26-20714-11
In re:   HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
    **of Adequate Protection**
May 11, 2026
Page 17

herein, nor concerning the amount of any claims held by any creditor, nor concerning the value of any of the Debtors' assets, nor concerning whether the Receivables are property of the Debtors or of the Debtors' bankruptcy estates or constitute Cash Collateral.  To the extent that any other creditor of the Debtors holds an interest in any asset of the Debtors that is superior to the interest of FIB, Kompass, WebBank, BlueRock, Harper, Spring Funding, and/or the Other Lienholders, including but not limited to an interest in Cash Collateral or Receivables, such interest(s) may be subsequently adjudicated by the Court and this Interim Order shall be without prejudice to such subsequent adjudication.

9.    The foregoing notwithstanding, the Court specifically authorizes any account debtors or other persons or entities owing money to the Debtors to distribute funds owed to the Debtors directly to the Debtors and not to any of the Other Lienholders, regardless of any notice received by such account debtors from any Junior Lienholders pursuant to §§ 9-406 and 9-607 of the Uniform Commercial Code. Any Other Lienholders protected by the terms of this Interim Order shall release any such notices promptly and shall not subsequently issue such notices without further order of the Court, or upon the termination of this Interim Order.

10.    Nothing set forth in this Interim Order shall be construed or interpreted as a waiver or modification of any rights or arguments of the Debtors, FIB, Kompass, WebBank, BlueRock, Harper, Spring Funding, Other Lienholders, or any other creditors or parties-in-interest concerning any matters or issues regarding the allowance or treatment of any claims or interests in the Debtors' bankruptcy cases

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
     **of Adequate Protection**
May 11, 2026
Page 18

or the treatment and payment of any such claims or interests in the Debtors' bankruptcy cases, whether under a proposed Chapter 11 plan or otherwise, including the allowed amounts of such claims or interests or the appropriate pre- or post-confirmation interest rates allowed thereon. All rights of all parties are expressly reserved. To the extent the Court determines that any of the transactions between Debtors, on the one hand, and BlueRock, Harper, or Spring Funding, on the other hand, were not a true sale but were instead a secured financing, BlueRock, Harper, or Spring Funding, as applicable, will be automatically deemed an existing secured creditor as to the amounts determined to be a loan, but such determination shall not constitute a determination concerning perfection, lien priority, or the value, if any, of the collateral securing the loan.

11. Nothing in this Interim Order shall prevent or prejudice FIB, Kompass, WebBank, BlueRock, Harper, Spring Funding, or any other party in interest from requesting the Court, on an emergency basis, to terminate the Debtors' use of Cash Collateral, or from seeking any other relief including, without limitation, stay relief or dismissal or conversion of this case or appointment of an Examiner or Chapter 11 Trustee.

12. The relief granted herein shall be interim only. A final evidentiary hearing with respect to the Motion is scheduled for May __, 2026, at _____ a/p.m. (the "Final Hearing"). The Debtors shall promptly cause copies of this Interim Order (which shall constitute adequate notice of the Final Hearing) to be mailed to the parties identified in the Debtors' Motion to Limit Notice, to the parties having been given

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
   **of Adequate Protection**
May 11, 2026
Page 19

notice by email of the Interim Hearing, and to any other party that has filed a request for notices with the Court, except to the extent such party is receiving notice through CM/ECF.  Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections not later than five days prior to the Final Hearing.

**IT IS SO ORDERED.**
# # #

**Submitted by:**

PRELLE ERON & BAILEY, P.A.

*/s/ David Prelle Eron*
DAVID PRELLE ERON, #23429
JANUARY M. BAILEY, #23926
301 N. Main St., Suite 2000
Wichita, KS 67202
316-262-5500 / 316-262-5559 (fax)
david@eronlaw.net
january@eronlaw.net

        and

HAUPT LAW PC

*/s/ Robert J. Haupt*
ROBERT J. HAUPT, #28216
9393 W 110th Street, Suite 500
Overland Park, KS 66210
913-498-9390 / 405-706-9292
rhaupt@hauptlaw.com

*Attorneys for Debtors*

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
    of Adequate Protection**
May 11, 2026
Page 20

**Approved by:**

SADER LAW FIRM
 */s/ Bradley D. McCormack*
BRADLEY D. McCORMACK, #_____
2345 Grand Boulevard, Suite 2150
Kansas City, MO 64108
816-561-1818 / 816-561-0818 (fax)
bmccormack@saderlawfirm.com
*Attorneys for Hubbard Ingredients, LLC
and Purdy Boys, LLC*

CONROY BARAN LLC
 */s/ Robert S. Baran*
ROBERT S. BARAN, #_____
1316 Saint Louis Avenue, 2nd Floor
Kansas City, MO 64101
816-388-9686
rbaran@conroybaran.com
*Attorneys for Innovity Ventures, LLC*

ARMSTRONG TEASDALE
 */s/ Bruce D. LeMoine*
BRUCE D. LeMOINE, #_____
ERIN M. EDELMAN, #_____
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
314-621-5070 /  314-621-5065 (fax)
blemoine@atllp.com
eedelman@atllp.com
*Attorneys for First Interstate Bank*

SPENCER FANE
 */s/ Andrea Chase*
ANDREA CHASE, #_____
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
816-474-8100 / 816-474-3216 (fax)
achase@spencerfane.com
*Attorneys for Kompass Kapital Funding, LLC*

SANDBERG PHOENIX & von GONTARD P.C.
 */s/ Sharon L. Stolte*

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
    of Adequate Protection**
May 11, 2026
Page 21

Sharon L. Stolte, KS #14302
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816-627-5332 / 816-627-5532 (Fax)
sstolte@sandbergphoenix.com

ILENE J. LASHINSKY
U. S. TRUSTEE
 /s/ *Jordan M. Sickman*
Assistant United States Trustee
Admitted in Michigan, P69823
Appearing under 28 U.S.C. § 515(a)
301 North Main Street, Suite 1150
Wichita KS 67202
Telephone: (202) 834-0394
Email: jordan.sickman@usdoj.gov

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE
 /s/ *John W. Nemecek*
JOHN W. NEMECEK, Trial Attorney
Admitted in Michigan, P71371
Appearing under 28 U.S.C. § 515(a)
301 North Main Street, Suite 1150
Wichita KS 67202
(316) 269-6637
john.nemecek@usdoj.gov

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE
 /s/ *Richard A. Kear*
Richard A. Kear, #20724
Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
(202) 573-6945
Richard.Kear@usdoj.gov

# EXHIBIT B

**Style Definition:** Unresolved Mention

UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>INTEGRATED PROTEINS LLC<br><br>   DEBTOR. | Case No. 26-20713-11 |
| IN RE:<br><br>NUTRIHUB LLC<br><br>   DEBTOR. | Case No. 26-20714-11 |
| IN RE:<br><br>HFO LOGISTICS LLC<br><br>   DEBTOR. | Case No. 26-20715-11 |

**INTERIM ORDER AUTHORIZING
INTERIM USE OF CASH COLLATERAL
AND PAYMENT OF ADEQUATE PROTECTION**

This matter comes before the Court on the motion of Debtors Integrated Proteins LLC ("IP"), NutriHub LLC ("Nutrihub"), and HFO Logistics LLC ("HFO") (collectively "~~IP~~ Debtors"), for Order Authorizing Interim Use of Cash Collateral and Payment of Adequate Protection (the "Motion"), ~~Doc. No. _____,~~ (Doc. 31, Case No. 26-20713; Doc. 28, Case No. 26-20714; Doc. 28,

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May _____,11, 2026
Page 2

Case No. 26-20715), filed on May 7, 2026. The Motion was noticed on an expedited basis and an expedited hearing was held on _____,May 11, 2026, at _____,10:00 a.m. David Prelle Eron and January M. Bailey of Prelle Eron & Bailey, P.A. and Robert J. Haupt of Haupt Law PC, appeared on behalf of the Debtors. Bradley JD. McCormack of Sader Law Firm appeared on behalf of interested parties Hubbard Ingredients, LLC ("HI") and Purdy Boys, LLC ("PB"). _____Robert S. Baran of Conroy Baran LLC appeared on behalf of interested party Innovity Ventures, LLC ("Innovity") (collectively Innovity with HI"). Bruce D. LeMoine and PB being the "HI Debtors," and the IP Debtors and the HI Debtors being the Debtors). _____ appeared on behalf of the United States Trustee. _____Erin M. Edelman of Armstrong Teasdale appeared on behalf of First Interstate Bank ("FIB"). _____Andrea Chase of Spencer Fane appeared on behalf of Kompass Kapital Funding, LLC ("Kompass"). _____ appeared on behalf of _____Sharon L. Stolte of Sandberg Phoenix & vonGontard P.C. appeared on behalf of Schroeder Country Products. Richard A. Kear appeared on behalf of the United States Trustee. Robert Hammeke and Nathan C. Walsh appeared as observers. In addition to the aforementioned counsel, the following people appeared: Jeff Cianciulli for WebBank; Leib M. Lerner and Douglas J. Harris for Harper Advance, LLC; Jacob VanAusdall for Blue Rock Capital; Mark Plapp for Open Range Agriculture; Bennett Young for American River Ag; Monica Clark for St. Paul Commodities; and, Bryant S. York for Spring Funding. Based upon the Motion, statements of counsel at hearing, and the record herein,

THE COURT FINDS THAT:

A. On May 6, 2026 ("Petition Date"), the Debtors filed Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code. No chapter 11 trustee has been appointed

2

**Formatted:** Font: 10 pt

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May ——,11, 2026
Page 3

herein. No creditors committee has been appointed herein. Debtors are debtors-in-possession.

B. This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

C. This matter is a core proceeding under 28 U.S.C. §157(b).

D. Venue is proper in this District under 28 U.S.C. §§1408 and 1409.

E. The bases for the relief sought and granted in this Interim Order are sections 105, 361, 362, 363, 364, 503, 506, 507, and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rules 9006.1, and 9013.1.

F. Debtors assert that they collectively own and operate a pet food manufacturing operation ("Business") in and around the greater Kansas City metro area in both Kansas and Missouri; IP is the primary operating company, manufacturing and selling the pet food products; HFO provides freight and transportation services for the manufactured products and inventory; Nutrihub is the sole member of both IP and HFO; HI owns the majority interest in Nutrihub and leases a single factory to IP; PB and Innovity own substantial portions of the Business' rolling stock and manufacturing equipment. Additionally; additionally, Innovity and Purdy Holding Group, LLC (a subsidiary of HI) lease or sublease certain factories to IP where IP conducts its manufacturing operations; Debtors employ, through a non-debtor affiliate, Resource One Global, LLC ("ROG"), approximately 250 workers. The; the Business generates over $20 million each month in gross revenues. It; it relies heavily on one primary customer, and a web of vendors and suppliers. Maintaining; and maintaining these relationships is critical to the ongoing viability of the Business.

3

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May ———,11, 2026
Page 4

G. The Debtors intend to reorganize the Business, restructure their liabilities, and/or liquidate as a going concern. In order to do so, Debtors must continue to pay their ongoing expenses for vendors, leases, labor, utilities, maintenance and repairs, professionals, and other ordinary operational costs.

H. CashDebtors assert cash flow has been a significant problem for the Business recently. Despite; despite being mostly current on itstheir outstanding obligations to lenders, Debtors have accumulated approximately $40 million in non-insider trade debt or payables, and another $18 million in liabilities for merchant capitalcash advances ("MCA"). Eliminating"); and eliminating the enormous drain on cash flow required to service the MCA liabilities in and of itself will dramatically improve the Business' cash flow.

I. Debtors entered into prepetition merchant cash advance agreements (the "MCA Agreements") with, among others, Harper Advance, LLC ("Harper"), Spring Funding FL, LLC ("Spring Funding"), and BlueRock Capital, LLC ("BlueRock"), and these agreements are alleged to be for the purchase of Debtors' and the estates' accounts and receivables ("Receivables") that are allegedly not included in Cash Collateral (as defined below). In support of its interest, Spring Funding asserts that it filed a UCC Financing Statement with the Wyoming Secretary of State on April 28, 2026 to perfect its security interest.

I.J. On the Petition Date, Debtors allegedly owned certain cash collateral, consisting of, to the extent lienable and subject to liens under applicable law, cash and cash equivalents, such as funds held on deposit, negotiable instruments, rents, work in progress, accounts,

4

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May ———,11, 2026
Page 5

receivables, (including the Receivables), general intangibles, governmental subsidies, tax refunds, insurance proceeds, choses in action, and other assets readily converted into operational funding for the DebtorDebtors, together with proceeds from or related to the foregoing items, and substitutes for these items (collectively "Cash Collateral"). The use of the terms "collateral" or "Cash Collateral" throughout this Order shall be without prejudice to the rights of any Other Lienholders (as defined below) to assert any claim that certain property, including accounts and receivables, are neither collateral of FIB, Kompass, or WebBank, nor owned by the Debtors or property of the estate, and such references shall not be construed as a judicial determination of the foregoing. Reference to "accounts" and "receivables" in the definition of Cash Collateral correspond to the Receivables allegedly purchased by the MCA Agreements.

J. The entities reflected on Exhibit 1 to the Motion assert or may assert a lien or other interest in or on all or a portion of the Cash Collateral.

K. and the Receivables (as defined below). The entities reflected on Exhibit 1, but excluding FIB, Kompass, and WebBank, are herein referred as "Other Lienholders". The use of the term "Lienholders" shall be without prejudice to the claim of any of the Other Lienholders that they own all or a portion of any of the Cash Collateral or Receivables.

K.L. Debtors allege that the Cash Collateral, including the Receivables, is owned almost entirely by IP, and that the entire value of the Cash Collateral is consumed by thesubject to a first priority lien ("FIB Lien") of FIB, securing a balance of approximately

5

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
     of Adequate Protection**
May ———,11, 2026
Page 6

$22,205,124.20 ("FIB Claim"), and ~~the~~a second priority lien ("Kompass Lien") of Kompass, securing a balance of approximately $9,525,327.42 ("Kompass Claim").

~~L.~~M.   Attached to the Motion as Exhibit 2 is the Accounts Receivable Aging Reports for IP and HFO ending April 2026 ("Aging Report"), which reflects gross accounts ~~receivable~~Receivables of $8,299,209.20 ~~("Receivables"),~~as calculated by the Debtors as of April 24, 2026, excluding intercompany payables and doubtful receivables.  For avoidance of doubt, Receivables are those accounts and receivables alleged to be purchased pursuant to the MCA Agreements, and are inclusive of but not limited to the list of receivables as of April 24 set forth in the Aging Report.  The ~~IP~~ Debtors ~~had~~allege deposits placed with various landlords, utilities, and professionals as reflected on Exhibit 3 to the Motion totaling approximately $2,026,254.50 ("Deposits"). The ~~IP~~ Debtors estimate that their inventory as reflected on Exhibit 4 has a book value of approximately $22,962,480.10 ("Inventory").   This Order does not determine the amount or value of the Cash Collateral.

~~M.~~N.   Debtors allege that FIB holds a senior blanket security interest in and to the ~~IP~~ Debtors' Cash Collateral~~.~~, and that Kompass holds a second priority blanket security interest in and to the ~~IP~~ Debtors' Cash Collateral.

~~N.   The Cash Collateral has an estimated book value of $33,287,943.80, inclusive of the Receivables, Deposits, and Inventory.  However, this includes professional fee deposits that have been substantially reduced prior to the filing of the cases, other deposits that are non-refundable, and Inventory whose resale value is significantly lower than its book value in the event of a liquidation.  Additionally, Debtors credibly assert that the~~

**Formatted:** Font: 10 pt

6

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**        of Adequate Protection**
May _____,11, 2026
Page 7

Receivables figure is likely lower than the amount that existed on April 24 (the date of the Aging Report).  The Aging Report shall be updated prior to the Final Hearing, as defined below.  As a result, all claimants holding any colorable interests in the Cash Collateral other than FIB and Kompass ("Junior Lienholders") are wholly undersecured.

O.  IP Nothing herein shall determine the nature, extent, validity, or value of any interest of any party holding any colorable interests in the Cash Collateral.  Nor shall this Order determine the Debtors' ownership interest in and to the Receivables.

O.P.   Debtors require the use of Cash Collateral to fund all of their ordinary operating expenses during the Specified Period through August 4, 2026 (or plan confirmation, whichever comes first).  The proposed uses are detailed in the "Budget" attached to the Motion as Exhibit 5. The total requested usage during the Specified Period is approximately $57,000,000, though the IP Debtors project revenue of more than $60,000,000 during the Specified Period.  The usage requested in the Budget is reasonable, and the usage authorized by this Order is necessary to prevent immediate and irreparable harm to the IP Debtors and their bankruptcy estates.

P.Q.   The Debtors do not have available sources of working capital and financing to carry on the Business and these bankruptcy proceedings without the use of Cash Collateral. In order to operate in Chapter 11 and maximize the value of the estate, the Debtors must have access to the revenues generated in the ordinary course of business.  Overall, the Debtors require the use of Cash Collateral to maintain the Business.  The use of

**Formatted:** Font: 10 pt

7

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
    **of Adequate Protection**
May ——,11, 2026
Page 8

Cash Collateral is therefore critical to maximize the value of the estates and pay claims to the extent required or feasible.

Q.R.    The Debtors are authorized as set forth below to use Cash Collateral ~~for operating capital and to pay the costs and expenses of administering this case, all~~ in compliance with the Budget. All payments described in the Budget are necessary to maintain and continue the Business and preserve the value of the estate for the benefit of its creditors. Without cash to make the payments outlined in the Budget as authorized herein, immediate and irreparable harm will occur to the Business, the value of the assets of the estates, and the interest of the Debtors, their Estates, and their creditors.

R.S.    ~~Under the terms of this Interim Order, FIB and Kompass shall have a replacement lien on all Cash Collateral generated post-petition (estimated to be equal to the total actual revenues during the Specified Period), together with a Senior Adequate Protection Superpriority Claim, as defined below. Additionally, Debtors shall make~~The adequate protection payments ~~to FIB and Kompass in the amounts of $43,750 per week and $12,800.00 per week, respectively. These protections~~and replacement liens provided below have been consented to by or otherwise adequately protect the interests of FIB ~~and,~~ Kompass, WebBank, and the Other Lienholders in the Cash Collateral.

S.T.    Debtors have further sought authority to make payments to a) certain critical vendors and b) secured lenders or lessors as to equipment used in the Debtors' operations, all as detailed on the Budget. The payments as authorized below are necessary to prevent immediate and irreparable harm to the ~~IP~~ Debtors and their

8

**Formatted:** Font: 10 pt

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May ——,11, 2026
Page 9

bankruptcy estates and with respect to the applicable lessors and secured lenders are necessary to provide such creditors with adequate protection.

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.     The Motion shall be and hereby is GRANTED, in part, as modified herein and subject to the following terms and conditions.

2.     Debtors are authorized to fund intercompany payments that are necessary to pay for ongoing usage of employees, factories, facilities, equipment, and rolling stock. These payments are reflected on the Budget. For example, the Budget includes a line item for payment of approximately $2,000,000 each month to pay for the salaries and wages of employees of ROG. This is then reduced by $62,000.00 every two weeks in the "Post-Filing Expense Reductions" section of the Budget by eliminating payments on account of employees that work for three affiliated entities (Hubbard Cattle Co., LLC, Hubbard Construction, LLC, and Hank and Roy, LLC) that are not integral parts of the Business. Debtors are authorized to make these payments. Similarly, there is a line for "HFO Transfer – Purdy Boys Debt," which represents secured creditor payments for leased and financed equipment being paid by IP to HFO, and then HFO to PB, who then pays the applicable creditor. Debtors are authorized to continue making the applicable payments, reduced by 25% post-petition, as reflected in the "Post-Filing Expense Reductions" section of the Budget titled "Reduce debt service on Equipment." In the case of rental payments to affiliated parties, such payments shall be limited to the amount necessary to

9

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
     **of Adequate Protection**
May ⸺,11, 2026
Page 10

maintain reasonably necessary operating expenses for the applicable facility. In the case of the applicable equipment payments, Debtors are authorized to make adequate protection payments to the applicable lessors and/or lienholders, at 75% of the pre-petition payment amount.  Debtors are further authorized to make the critical vendor payments reflected in the Budget, which Debtors have separate sought authority to pay in a contemporaneously filed Motion for Authority to Pay Critical Vendors.

3.    The IP Debtors are authorized to use income generated by the IP Debtors in the form of the Cash Collateral, most or all of which has been pledged to FIB and Kompass, among others, during the Specified Period (as defined below), in a manner consistent with the Budget.

4.    The Debtors shall deposit the Cash Collateral into their existing bank accounts consistent with pre-petition practices.  All creditors shall deliver any proceeds from the ordinary operations and/or sales related to the Business to the applicable Debtor, and endorse any Cash Collateral checks on which any of them are jointly listed as a payee so that such payments and proceeds may be deposited into that Debtor's bank accounts.  The foregoing notwithstanding, this provision shall not apply to any proceeds from sales outside the ordinary course of business.

5.    FIB and, Kompass, Webbank, Harper, Spring Funding, BlueRock, and the Other Lienholders are granted a replacement liens and post-petition liens on post-petition assets.  Such replacement liens and continuing liens shall be in proportion to and to the extent that the Cash Collateral isand Receivables, as applicable, are used by

10

> **Formatted:** Font: 10 pt

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
     **of Adequate Protection**
May ——,11, 2026
Page 11

Debtors on a post-petition basis, and in the same order and priority as such liens existed on the Petition Date, and to the same extent as ~~FIB and Kompass's~~ such lien positions in such Cash Collateral and Receivables, as applicable, as it existed on the Petition Date.    FIB ~~and~~, Kompass, Webbank, Harper, Spring Funding, BlueRock, and the Other Lienholders shall not receive an improvement in position as a result of the liens granted hereunder.

6.    All Other Lienholders shall additionally receive a replacement interest in any Receivables earned by Debtors after the Petition Date co-extensive (as to nature, extent, validity, priority, and amount) with the interests that each of the Other Lienholders a) owned as of the Petition Date, and b) actually received by the Debtors following the Petition Date ("Replacement Interests").    The Other Lienholders shall not receive an improvement in position as a result of the Replacement Interests.

~~6.~~7.    Below is a summary of the nature of the Debtors' request and proposed use of Cash Collateral:

    a.    <u>Parties with Interest in Cash Collateral and Value of Collateral</u>.  FIB ~~and~~, Kompass ~~have~~, and WebBank assert a properly perfected first-priority and second-priority security interest in the Cash Collateral, a lien on other real estate, equipment, furniture, and personal property of the Debtors, as well as certain liens on certain assets of other non-debtor affiliates. True and correct copies of the FIB Lien documents were attached to the Motion as Exhibit 6.  True and correct copies of the Kompass Lien documents were attached to the Motion as Exhibit 7.  ~~The Junior Lienholders also hold claims of varying degrees to the Cash Collateral, as reflected on Exhibit 1 to the Motion.  Initially, the only Junior Lienholders with validly perfected interests (of any nature) are those that filed UCC-1 statements in the State of Wyoming, as IP is a Wyoming limited liability company and IP owns all of the Cash Collateral (with the limited exception of approximately $77,000~~

**Formatted:** Font: 10 pt

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
of Adequate Protection**
May ———,11, 2026
Page 12

in outside, collectible receivables owed to HFO) in which a purchase or security interest could be properly perfected through the filing of a UCC-1 financing statement. The only Junior Lienholders that appear to have valid UCC-1 financing statements filed in Wyoming are Webbank, c/o Libertas Funding, LLC ("Webbank"), with a remaining loan balance of approximately $650,000.00, and Palisade Advance, which may also be known as "Palisades Advance" or "Palisades Advance, LLC" (collectively "Palisades"), with a remaining loan balance of approximately $500,000.00. IP Debtors are not aware of any other open balances with any lender or receivables buyer that filed a UCC-1 financing statement in Wyoming. As such all other Junior Lienholders do not hold any interests in the Cash Collateral, or their interests are avoidable. Regardless, the Junior Lienholders are wholly undersecured and there is no equity in any of the Cash Collateral to which their security interest may attach. As of the Petition Date, the IPHarper, BlueRock, and Spring Funding assert a properly perfected security interest in the Receivables. The Other Lienholders, including Harper, BlueRock, and Spring Funding, also assert that they hold claims of varying degrees to the Cash Collateral. As of the Petition Date, the Debtors estimate FIB and Kompass's claims at $31,730.451.42, but these amounts do not include attorneys' fees and additional interest accruals since the dates on which the IP Debtors obtained the respective balances. The replacement liens and the Replacement Interests have been consented to by or otherwise are sufficient protection for any interests of any party in the Cash Collateral. Debtors reserve the right to dispute and contest any and all claims. However, preliminarily the Court finds that FIB and Kompass's claims are oversecured when considering other collateral besides Cash Collateral, but undersecured when solely considering the Cash Collateral.

b.   Use of Cash Collateral. The Debtors are authorized to use Cash Collateral to pay expenses of the Business and the bankruptcy process in accordance with the Budget, up to amounts not to exceed 110% of each line-item amount set forth in the Budget measured monthly, with a variance of up to four weeks for each monthly expense. Additionally, Debtors are authorized to increase the use of Cash Collateral by a pro rata percentage of any increase in the gross revenues received by the Debtors compared to the projected revenues listed on the Budget. Except for these built in adjustments, the Cash Collateral used by the Debtors shall not be modified except by agreement of both FIB and, Kompass, WebBank, BlueRock, Harper, and Spring Funding, and Debtors, or as may be otherwise ordered by the Court. The consent of FIB, Kompass, Harper, Spring Funding, and/or Debtors may be provided by and through counsel for each. Statutory fees under 28 USC § 1930 will be paid in full as due and not limited by any

**Formatted:** Font: 10 pt

12

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
       of Adequate Protection**
May ⸺,11, 2026
Page 13

amount listed in the Budget. In no event should Cash Collateral be used to pay pre-petition claims or obligations, other secured claims, or obligations to insiders unless specifically authorized by the order authorizing use of Cash Collateral or separate order from the Court. FIB and, Kompass, Harper, WebBank, BlueRock, and Spring Funding reserve all rights regarding the Budget, including the right to request that the Debtors provide additional information regarding the Budget; the right to request that the Debtors modify the Budget; and/or the right to object to any expenditure within the Budget.

c.  <u>Termination Date</u>.  Debtors are provided interim authority to use Cash Collateral only until the Final Hearing can be held.  Thereafter, and subject to the Debtors' right to request additional cash collateral authority for further periods on proper notice, the IP Debtors may be granted authority to use Cash Collateral through August 4, 2026, at 11:59 p.m., or such other date and time as ordered by the Court (the "Specified Period").  The Specified Period may be extended by agreement of the Debtors, FIB, and Kompass, WebBank, Harper, BlueRock, and Spring Funding, or upon further order of the Court. FIB and Kompass will be adequately protected during the Specified Period byThe parties receiving adequate protection payments have consented to the amount of those payments as specified herein, without waiver. During the Specified Period they have consented to or will otherwise be adequately protected by the adequate protection payments and by virtue of athe post-petition replacement lienliens in the DebtorsDebtors' assets to the extent of any Cash Collateral used by the Debtors and the Replacement Interests, in and to the same forms of property to which the liens had attached pre-petition, and in the same order and priority as such liens currently exist.  Such liens shall be of the same nature, extent, and validity as existed on the Petition Date.  Nothing hereunder shall entitle any creditor to improve its position from its position on the Petition Date.  Nothing herein or in any order authorizing use of Cash Collateral, through the Specified Period, shall prejudice FIB and Kompass's rightany party's rights to petition the Court to prohibit or restrict use of Cash Collateral and/or to seek relief from the automatic stay under 11 U.S.C. § 362(d).

d.  <u>Events of Default</u>.  The occurrence of any of the following events, unless waived in writing by FIB and Kompass, Kompass, WebBank, Harper, BlueRock, and Spring Funding shall constitute an event of default (the "Events of Default"):

13

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
    **of Adequate Protection**
May ——,11, 2026
Page 14

1) the failure to timely make an adequate protection payment to Kompass, FIB, WebBank, BlueRock, Harper, and/or FIBSpring Funding;

2) the failure to provide the Weekly Reports (defined below) to FIB and, Kompass, WebBank, BlueRock, Harper, and/or Spring Funding within five (5) business days after end of each week;

3) the entry of an order by the Court granting relief from or modifying the automatic stay of Section 362 of the Bankruptcy Code (i) to allow any creditor to execute upon or enforce a lien on or security interest in any of the Cash Collateral;

4) dismissal of the case or conversion of the case to one under Chapter 7 caseof the Bankruptcy Code;

5) the sale after the Petition Date of any portion of any of the Debtors' assets outside the ordinary course of dealing and without approval by the Court under 11 U.S.C. §363;

6) the failure to maintain insurance on any of Kompass's or FIB's collateral;

7) the failure by the Debtors to perform, after notice from FIB and, Kompass, WebBank, BlueRock, Harper, or Spring Funding, in any respect, any of the material terms, provisions, conditions, covenants, or obligations under this Interim Order or under the requirements of the underlying loan documents between the Debtors and FIB and Kompass, to the extent such requirements materially affect the Collateral and are not otherwise inconsistent with the terms of this Interim Order or bankruptcy law.

e. <u>Rights and Remedies Upon an Event of Default</u>. If the Debtors default in their financial, reporting or other obligations under the terms of this Interim Order, then FIB or Kompass, Kompass, WebBank, BlueRock, Harper, or Spring Funding may, but shall not be required to, deliver a written Notice of Default to the Debtors by e-mail delivery of such Notice of Default to each of the Debtors' counsel of record, with copies of the Notice of Default also being emailed to counsel for FIB or, Kompass, WebBank, BlueRock, Harper, and/or Spring Funding (as applicable). The Debtors and the party asserting the default shall attempt in good faith to informally resolve or rectify the default. If the Debtors and the objecting party are unable to informally resolve the default within five (5) business days of the delivery

14

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May ———,11, 2026
Page 15

of the Notice of Default ("Resolution Period") then the Debtors' authority to use Cash Collateral as authorized by this Interim Order shall cease two (2) business days after the expiration of the Resolution Period, unless, prior to that date, the Debtors either (a) ~~cures~~cure the Notice of Default to the satisfaction of the party sending the Notice of Default, or (b) ~~files~~file a motion with the Court requesting that ~~its~~their authority to use Cash Collateral continue, and obtains and notices out a hearing on the motion for a date that is no more than 10 days from the date of filing of the motion, or at the first available date thereafter if the Court's calendar will not accommodate a hearing within such period.   If such a motion is filed with the Court and noticed out for hearing as required herein, then the Debtors' authority to use and spend Cash Collateral pursuant to the terms of this Interim Order shall continue pending the Court's decision on the motion.

    f.    <u>Adequate Protection</u>.

    1)    ~~1)~~    As partial adequate protection, FIB ~~and~~, Kompass ~~shall be~~ WebBank, BlueRock, Harper, Spring Funding, and the Other Lienholders are granted a valid, automatically perfected replacement lien against the assets of the Debtors, for the full amount of the Cash Collateral and Receivables, as applicable, which is utilized pursuant to this Interim Order. Additionally, the Other Lienholders granted the Replacement Interests in the Receivables. The replacement liens and Replacement Interests shall have the same validity, avoidability, ~~and~~ priority, and value as the security interests ~~and~~, liens, and/or ownership interests existing against or in the Cash Collateral and Receivables, as of the date of this Interim Order.   The replacement liens and Replacement Interests shall be valid and perfected without the need for the execution, recording or filing of any further document or instrument or the taking of any further act otherwise required under non- bankruptcy law~~.~~, to the same extent that such liens or interests were valid and perfected on the Petition Date. Any statements or filings required to be filed to preserve or extend (but not otherwise increase or expand) any lien or interest held by FIB ~~and~~, Kompass, WebBank, BlueRock, Harper, Spring Funding, and the Other Lienholders may be filed or recorded at any time during the pendency of this case without a stay relief order or otherwise seeking or obtaining the permission of the Court. The Replacement Interests shall be co-extensive (as to nature, extent, validity, priority, and amount) with the interests and value that each of the Other Lienholders owned as of the Petition Date, to the extent that such Receivables have been actually received by the Debtors following the Petition Date.

15

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
   **of Adequate Protection**
May ⸻,11, 2026
Page 16

2)   ~~2)~~   FIB and Kompass, for their benefit, are granted, (i) an additional and replacement continuing valid, binding, enforceable, non-avoidable, and automatically perfected post-petition security interest in and lien (the "Post-Petition Adequate Protection Liens") on any and all presently owned and hereafter acquired personal property and all other assets of the Debtors and the ~~estate~~estates, together with any proceeds thereof, including, without limitation, as set forth in the loan documents ~~(ii)~~, to the extent ~~provided~~the foregoing is owned by ~~Sections 503(b)~~the Debtors and ~~507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in the case and any successor case (~~the ~~"Senior Adequate Protection Superpriority Claim"); (iii)~~ estates; (ii) the payments set forth in the Budget; and (~~iv~~iii) payments from the proceeds from the auction or sale of ~~its Collateral~~their collateral (other than Cash Collateral) at the closing of the sale of any such transaction, with such payments to be made to FIB and Kompass according to ~~its~~their relative interests and priority in the assets as of the Petition Date.

To the extent FIB and/or Kompass has a claim against the Debtors arising from the diminution in value of their collateral, FIB and Kompass shall have the right to assert superpriority claims pursuant to 11 U.S.C. §§ 503(b) and 507(b), Additionally, FIB and Kompass's claim is protected by several guarantees from the Debtors' insiders. In each case, as to the Post-Petition Adequate Protection Liens and ~~the Senior Adequate Protection Superpriority Claim~~, to the extent sought and granted by the Court, any superpriority claims, FIB shall hold the first priority position and Kompass shall hold the second priority Post-Petition Adequate Protection Liens as between them, and such positions shall continue to be governed by that certain Subordination and Intercreditor Agreement dated May 9, 2024 by and between FIB and Kompass. To the extent of any superpriority claims, Debtors shall retain the right to apply the terms of the Carve Out to such claims, as originally set forth in the Motion.

~~3~~

3)   Debtors shall make adequate protection payments to FIB, Kompass, and WebBank in the amounts of $57,692.31 per week, $23,527 per week, and $1,605.50 per week respectively. Debtors shall also make adequate protection payments to the Other Lienholders other than WebBank in the amount of $32,429.71, cumulatively. As to Other

16

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment
    of Adequate Protection**
May ——,11, 2026
Page 17

Lienholders who have appeared, Debtors shall pay Spring Funding FL, LLC $6,889.91 per week, BlueRock Capital, LLC $3,334.50 per week, and Harper Advance, LLC $5,000 per week.  The remaining balance of the adequate protection payments to the Other Lienholders shall be paid to and held in escrow by FIB in a separate interest-bearing account, which shall not be accessed by the Debtors pending agreement of the applicable Other Lienholder (on a pro rata basis) and the Debtors or subsequent order of the Court.  The adequate protection payments shall be applied, as applicable, to the secured portion of any claim or to the ownership interest in any Receivables held by FIB, Kompass, or the Other Lienholders.  In the event that such adequate protection payments cumulatively exceed the actual value of the respectively secured claim or interest as it existed on the Petition Date, Debtors and the estate shall retain the right to seek recovery such excess payments from the recipient.  Additionally, all holders of any claim or interest in the Cash Collateral expressly reserve any and all rights to pursue claims against one another.

4)   The Debtors shall continue to maintain adequate and sufficient insurance on all their property and assets.

45)  At reasonable intervals and upon reasonable request by FIB and/or, Kompass, WebBank, BlueRock, Harper, and/or Spring Funding, the Debtors shall grant FIB and/or Kompassthe requesting party reasonable access to audit, examine, and inspect their collateral wherever located, along with any books and records related to their collateral or the Debtors' business operations so long as these activities do not unreasonably interfere with, or delay, Debtors' ordinary course of business operations during normal business hours and normal business activities. FIB, Kompass, WebBank, BlueRock, Harper, and/or KompassSpring Funding shall provide Debtors with two business days' notice prior to any audit, examination, or inspection.

56)  By no later than May 22, 2026, Debtors shall provide FIB and, Kompass, WebBank, BlueRock, Harper, and Spring Funding or their professionals, the following:

   i)   A schedule of the debt owed to the parties included under the "Finance Payments" category of the Budget;

**Formatted:** Font: 10 pt

17

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
   **of Adequate Protection**
May ____,11, 2026
Page 18

ii)       Copies of any machinery and equipment appraisal (if any);

iii)      Copies of any inventory appraisal (if any);

iv)      A listing of employees with salary amounts proposed to be paid pursuant to the Budget;

v)       Copies of any loan documentation and accounts payables owed to Farmers Union.

67)      The Debtors shall provide weekly reports to FIB, Kompass,., and FIBthe Other Lienholders reconciling actual expenditures to the Budget due by the end of the following week. The weekly reports shall also include a detailed breakdown of revenues and expenses from operations and a detailed breakdown of the Debtors' payroll (the "Weekly Reports"). The first Weekly Report shall be due not later than May 22, 2026, and continue weekly thereafter.

78)      The adequate protection granted in this Interim Order is without prejudice to FIB and, Kompass, WebBank, BlueRock, Harper, Spring Funding, and the Other Lienholders seeking further and other adequate protection, including without limitation seeking a waiver of any rights under 11 U.S.C. § 506(c) in any final order approving the use of Cash Collateral.

g.       Priority of Post-Petition Adequate Protection Lien and Adequate Protection Superpriority Claim. The Post-Petition Replacement Adequate Protection Lien granted to FIB and Kompass shall have the same priority as the priority FIB and Kompass enjoyed in the Debtors' assets, as applicable, as of the Petition Date, and nothing set forth herein is intended to grant FIB and Kompass or any other creditor a priming lien on or security interest in the Debtors' assets and property. Further, except for the Carve Out, the Adequate Protection Superpriority Claims of FIB and Kompass shall have priority over all administrative expenses and unsecured claims against the Debtors and their estates, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to Sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), 1113 and 1114 of the Bankruptcy Code and, upon entry of the Final Order, the Senior Adequate Protection Superpriority Claim shall have priority over all claims pursuant to Section 506(c) of the

18

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May ~~_____,~~11, 2026
Page 19

~~Bankruptcy Code. However, in~~In the event that ~~Debtors obtain permanent DIP financing prior to the entry of a final order granting the Motion, Debtors may seek to prime this position through such alternative financing.~~

~~h.~~ ~~Carve Out~~. ~~"Carve Out" means the following:~~

~~(i) the fees required to be paid to the Clerk of the Court and to the Office of the U.S. Trustee under section 1930(a) of title 28 of the United States Code plus interest at the statutory rate (without regard to the notice set forth in (iii) below); (ii) all reasonable and documented fees and expenses up to $25,000 incurred by a trustee under section 726(b) of the Bankruptcy Code (without regard to the notice set forth in (iii) below); (iii) to the extent allowed by order of the Court (and, if applicable, in compliance with the Budget), the aggregate amount of any budgeted and unpaid, reasonable and documented fees, costs and expenses (the "Allowed Professional Fees") incurred by persons or firms retained by the Debtors pursuant to section 327, 328, or 331 of the Bankruptcy Code (the "Debtor Professionals") and the Committee pursuant to section 328 or 1103 of the Bankruptcy Code (the "Committee Professionals" and, together with the Debtor Professionals, the "Professional Persons") at any time before or on the first business day following delivery by FIB or Kompass of a Carve-Out Trigger Notice (as defined below), whether allowed by the Court prior to or after delivery of a Carve-Out Trigger Notice; provided however, that the Carve-Out for the Specified Period shall not exceed $500,000 without the agreement of FIB and Kompass; and (iv) Allowed Professional Fees of Professional Persons in an aggregate amount not to exceed $250,000 incurred after the first business day following delivery by FIB or Kompass of the Carve-Out Trigger Notice, to the extent payable under sections 330 or 331 and subsequently allowed by the Court (and, if applicable, in compliance with the Budget), (the amounts set forth in this clause (iv) being the "Post Carve-Out Trigger Notice Cap"). For purposes of the foregoing, "Carve-Out Trigger Notice" shall mean a written notice delivered by email (or other electronic means) by FIB or Kompass, as applicable, to the Debtors, their lead restructuring counsel, the U.S. Trustee, and counsel to the Committee, which notice may be delivered following the occurrence and during the continuation of an Event of Default and termination of the Debtors'~~ any party seeks such additional protections, the Debtors shall retain the ~~right to use Cash Collateral, as applicable, stating that the Post-Carve-Out Trigger Notice Cap has been invoked.~~

~~The Debtors may not pay~~ seek reduced protections as against that party, from ~~the Carve-Out any fees or expenses incurred by any party, including the Debtors or any Committee, in connection with the~~

19

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
      **of Adequate Protection**
May _____,11, 2026
Page 20

filing and prosecution or defense of any claims, causes of action, adversary proceedings, or other litigation against FIB or Kompass, including without limitation, challenging the amount, validity, priority or enforceability of, or asserting any defense, counterclaim, or offset to, FIB or Kompass' pre-petition indebtedness, pre-petition liens, or replacements. The Debtors are further limited to payment of $15,000 from the Carveout for fees or expenses incurred in investigating the validity of FIB and Kompass' respective liens, including any investigation by the Debtors' professionals and the Committee Professionalsthose granted herein.

The Carve Out shall not constitute a limitation on any of the foregoing expenses and costs of the estates, but shall merely constitute a maximum amount of such costs that may take priority over the Senior Adequate Protection Superpriority Claims.

> **Formatted:** Justified, Indent: Left: 0", Tab stops: 1.5", Left + 2", Left + 2.5", Left

7.8.    Nothing herein shall constitute a determination concerning the nature, extent, validity, and/or priority of the liens, interests, and claims of FIB and, Kompass, WebBank, BlueRock, Harper, Spring Funding, or the Other Lienholders as set forth herein, nor concerning the amount of any claims held by any creditor, nor concerning the value of any of the Debtors' assets., nor concerning whether the Receivables are property of the Debtors or of the Debtors' bankruptcy estates or constitute Cash Collateral.  To the extent that any other creditor of the Debtors holds an interest in any asset of the Debtors that is superior to the interest of FIB and, Kompass, WebBank, BlueRock, Harper, Spring Funding, and/or the Other Lienholders, including but not limited to an interest in Cash Collateral or Receivables, such interest(s) may be subsequently adjudicated by the Court and this Interim Order shall be without prejudice to such subsequent adjudication. However, such subsequent adjudication shall not have the effect of disallowing Debtors' use of Cash Collateral, even to the extent that another creditor holds a

> **Formatted:** Font: 10 pt

20

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May ———,11, 2026
Page 21

~~more senior lien in and to the Cash Collateral.  Nor shall such adjudication modify the terms of the Carve Out as provided herein, which shall be applicable as to any creditor secured by the Cash Collateral.~~

8.9.  ~~The foregoing notwithstanding, the Court finds that the purported interests of any of the Junior Lienholders other than Webbank and Palisades are unperfected and wholly unsecured as to the Cash Collateral owned by IP, as such interests were not properly perfected in Wyoming.  The~~The foregoing notwithstanding, the Court specifically authorizes any account debtors or other persons or entities owing money to the Debtors to distribute funds owed to the Debtors directly to the Debtors and not to any of the ~~Junior~~Other Lienholders, regardless of any notice received by such account debtors from any Junior Lienholders pursuant to §§ 9-406 and 9-607 of the Uniform Commercial Code.  Any Other Lienholders protected by the terms of this Interim Order shall release any such notices promptly and shall not subsequently issue such notices without further order of the Court, or upon the termination of this Interim Order.

9.10.  Nothing set forth in this Interim Order shall be construed or interpreted as a waiver or modification of any rights or arguments of the Debtors, FIB, Kompass, WebBank, BlueRock, Harper, Spring Funding, Other Lienholders, or any other creditors or parties-in-interest concerning any matters or issues regarding the allowance or treatment of any claims or interests in the Debtors' bankruptcy cases or the treatment and payment of any such claims or interests in the Debtors' bankruptcy cases, whether under a proposed Chapter 11 plan or otherwise,

21

**Formatted:** Font: 10 pt

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May _____,11, 2026
Page 22

including the allowed amounts of such claims or interests or the appropriate pre- or post-confirmation interest rates allowed thereon. All rights of all parties are expressly reserved. To the extent the Court determines that any of the transactions between Debtors, on the one hand, and BlueRock, Harper, or Spring Funding, on the other hand, were not a true sale but were instead a secured financing, BlueRock, Harper, or Spring Funding, as applicable, will be automatically deemed an existing secured creditor as to the amounts determined to be a loan, but such determination shall not constitute a determination concerning perfection, lien priority, or the value, if any, of the collateral securing the loan.

10.11. Nothing in this Interim Order shall prevent or prejudice FIB and, Kompass, WebBank, BlueRock, Harper, Spring Funding, or any other party in interest from requesting the Court, on an emergency basis, to terminate the Debtors' use of Cash Collateral, or from seeking any other relief including, without limitation, stay relief or dismissal or conversion of this case or appointment of an Examiner or Chapter 11 Trustee.

11.12. The relief granted herein shall be interim only. A final evidentiary hearing with respect to the Motion is scheduled for _____,May ___, 2026, at _____ __._____ a/p.m. (the "Final Hearing"). The Debtors shall promptly cause copies of this Interim Order (which shall constitute adequate notice of the Final Hearing) to be mailed to the parties identified in the Debtors' Motion to Limit Notice, to the parties having been given notice by email of the Interim Hearing, and to any other party that has filed a request for notices with the Court, except to the

22

**Formatted:** Font: 10 pt

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re:  Integrated Proteins LLC – Case Nol 26-20713-11
In re:  NutriHub LLC – Case Nol 26-20714-11
In re:  HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
**of Adequate Protection**
May ———,11, 2026
Page 23

extent such party is receiving notice through CM/ECF.  Any party in interest

objecting to the relief sought at the Final Hearing shall serve and file written

objections not later than five days prior to the Final Hearing.

**IT IS SO ORDERED.**

# # #

**Submitted by:**

PRELLE ERON & BAILEY, P.A.

*/s/ David Prelle Eron*
DAVID PRELLE ERON, #23429
JANUARY M. BAILEY, #23926
301 N. Main St., Suite 2000
Wichita, KS 67202
316-262-5500 / 316-262-5559 (fax)
~~david@eronlaw.net~~
~~january@eronlaw.net~~david@eronlaw.net
january@eronlaw.net

and

HAUPT LAW PC

*/s/ Robert J. Haupt*
ROBERT J. HAUPT, #28216
9393 W 110th Street, Suite 500
Overland Park, KS 66210
913-498-9390 / 405-706-9292
~~rhaupt@hauptlaw.com~~
rhaupt@hauptlaw.com

*Attorneys for Debtors*

**Approved by:**

23

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
   **of Adequate Protection**
May _____,11, 2026
Page 24

SADER LAW FIRM
/s/ Bradley D. McCormack
BRADLEY D. McCORMACK, #_____
2345 Grand Boulevard, Suite 2150
Kansas City, MO 64108
816-561-1818 / 816-561-0818 (fax)
bmccormack@saderlawfirm.com
*Attorneys for Hubbard Ingredients, LLC*
*and Purdy Boys, LLC*

CONROY BARAN LLC
/s/ Robert S. Baran
ROBERT S. BARAN, #_____
1316 Saint Louis Avenue, 2nd Floor
Kansas City, MO 64101
816-388-9686
rbaran@conroybaran.com
*Attorneys for Innovity Ventures, LLC*

ARMSTRONG TEASDALE
/s/ Bruce D. LeMoine
BRUCE D. LeMOINE, #_____
ERIN M. EDELMAN, #_____
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
314-621-5070 / 314-621-5065 (fax)
blemoine@atllp.com
eedelman@atllp.com
*Attorneys for First Interstate Bank*

SPENCER FANE
/s/ Andrea Chase
ANDREA CHASE, #_____
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
816-474-8100 / 816-474-3216 (fax)
achase@spencerfane.com
*Attorneys for Kompass Kapital Funding, LLC*

SANDBERG PHOENIX & von GONTARD P.C.

**Formatted:** Font: 10 pt

24

UNITED STATES BANKRUPTCY COURT DISTRICT OF KANSAS
In re: Integrated Proteins LLC – Case Nol 26-20713-11
In re: NutriHub LLC – Case Nol 26-20714-11
In re: HFO Logistics LLC – Case Nol 26-20715-11
**Interim Order Granting Motion for Use of Cash Collateral and Payment**
   **of Adequate Protection**
May _____,11, 2026
Page 25

 /s/ Sharon L. Stolte
Sharon L. Stolte, KS #14302
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816-627-5332 / 816-627-5532 (Fax)
sstolte@sandbergphoenix.com

ILENE J. LASHINSKY
U. S. TRUSTEE
 /s/ Jordan M. Sickman
Assistant United States Trustee
Admitted in Michigan, P69823
Appearing under 28 U.S.C. § 515(a)
301 North Main Street, Suite 1150
Wichita KS 67202
Telephone: (202) 834-0394
Email: jordan.sickman@usdoj.gov

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE
 /s/ John W. Nemecek
JOHN W. NEMECEK, Trial Attorney
Admitted in Michigan, P71371
Appearing under 28 U.S.C. § 515(a)
301 North Main Street, Suite 1150
Wichita KS 67202
(316) 269-6637
john.nemecek@usdoj.gov

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE
 /s/ Richard A. Kear
Richard A. Kear, #20724
Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
(202) 573-6945
Richard.Kear@usdoj.gov

**Formatted:** Font: 10 pt