**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTEGRATED PROTEINS, LLC, *et al.*, | ) | Case No. 26-20713-11 (DLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF**
**INTERIM AND FINAL ORDERS AUTHORIZING PAYMENT OF**
**PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS**

**[Relates to Docket No. 30]**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") submits this objection (this "Objection") with respect to the *Motion for Entry of Interim and Final Orders Authorizing the Debtor to Pay Prepetition Claims of Certain Critical Vendors* [Docket No. 30] (the "Motion")[2]. In support of this Objection, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Committee does not oppose, in principle, appropriate relief to preserve the Debtors' operations and going-concern value, including, where justified, the payment of truly critical vendors. However, the Motion, as filed, lacks the transparency and specificity required for the relief requested.

---

[1] The Debtors' principal place of business is 1480 NW Vivion Road, Kansas City, Missouri 64118. The Debtors in these Chapter 11 cases are: Integrated Proteins LLC; NutriHub LLC; and HFO Logistics LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. Most notably, the Motion fails to provide sufficient information regarding (i) the identity of the purported "Critical Vendors," (ii) the criteria and process used to designate such vendors, and (iii) the amounts proposed to be paid to each vendor. Further, although the Motion states that the aggregate prepetition claims of such vendors are approximately $40 million, it is unclear whether the Debtors seek authority to pay that full amount, or some substantial portion thereof, through this Motion. The Debtors should be required to provide such information to the Committee prior to making any such payments.

3. Without this fundamental information, parties in interest and the Court cannot meaningfully evaluate whether the requested relief satisfies the stringent requirements of the "doctrine of necessity" or the standards articulated in *In re CoServ, L.L.C.*[3] The Motion therefore should not be approved in its current form.

## BACKGROUND

### I. The Chapter 11 Cases

4. On May 6, 2026 (the "Petition Date"), the Debtors each filed their voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108(a) of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5. On May 26, 2026, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Kansas (the "U.S. Trustee") appointed a five-member Committee: (a) Farmers Union Industries, LLC, (b) Badger Ingredients, Inc., (c) Commodity Services, Inc., (d)

---

[3] *In re CoServ, LLC*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("Implicit in the duties of a chapter 11 … debtor-in-possession … is the duty of such a fiduciary to protect and preserve the estate, including an operating business's going-concern value.")

2

Schroeder Country Products, and (e) Seneca Trading, LLC. *See Notice of Appointment of Official Unsecured Creditors* [Docket No. 126].

6. On May 28, 2026, the Committee selected McDermott Will & Schulte to serve as counsel to the Committee in connection with the Chapter 11 Cases, subject to Court approval. Thereafter, the Committee selected Province, LLC to serve as the Committee's financial advisor in the Chapter 11 Cases.

## II. Critical Vendors Motion

7. On May 7, 2026, the Debtors filed the Motion.

8. On May 15, the Court entered the *Interim Order Granting and Authorizing Debtor Integrated Protein, LLC to Pay Prepetition Claim of Certain Critical Vendors* [Docket No. 81].

9. The Motion seeks authority to pay prepetition claims of certain vendors deemed "critical" to ongoing operations and to continue business relationships with such vendors. The Debtors assert that these vendors are essential to operations and that nonpayment could result in operational disruption.

10. The Motion further states that, as of the Petition Date, the aggregate prepetition claims held by these Critical Vendors are approximately $40 million.

11. Although the Motion proposes a weekly cap on payments of $125,000, it does not clearly state the total amount the Debtors ultimately intend to pay on account of prepetition claims or provide sufficient detail regarding the underlying obligations.

3

**OBJECTION**

### I. The Motion Fails to Provide Adequate Information Regarding the Identity of Critical Vendors and the Basis for Their Designation

12. *First*, the Motion should be denied because it does not provide sufficient information to evaluate whether the proposed "Critical Vendors" actually satisfy the applicable legal standard.

13. While the Motion attaches a list of vendors, it does not disclose the amounts owed to each vendor, the portion proposed to be paid, or whether all listed vendors will receive payment. Nor does it explain how the Debtors applied their stated criteria to each vendor or whether all vendors satisfy those criteria.

14. Courts applying the doctrine of necessity pursuant to Bankruptcy Code section 105(a) require a clear showing that each vendor is critical, that the vendor would refuse to continue performance absent payment, and that payment will result in a demonstrable net benefit to the estate. The Motion's generalized assertions are insufficient to meet this burden, particularly where the relief sought would effectively elevate certain unsecured creditors over others.

15. At a minimum, the Debtors should be required to provide the Committee: (a) a vendor-by-vendor breakdown of amounts asserted and amounts proposed to be paid; (b) specific evidence that each vendor will cease performance absent payment; and (c) an explanation of why no reasonable alternative exists. The Committee should be afforded an opportunity to review (and object) to any proposed payments prior to them being made.

**II.     The Motion Is Ambiguous as to Whether the Debtors Seek Authority to Pay Approximately $40 Million in Prepetition Claims**

16.     *Second*, although the Debtors assert that approximately $40 million in prepetition claims are held by Critical Vendors, the Motion is unclear as to whether the Debtors intend to pay all, or a substantial portion, of that amount.

17.     The proposed weekly cap does not resolve this ambiguity.  If the Motion is intended to authorize the payment of up to $40 million in prepetition claims over time, that relief would be extraordinary and would require a far more robust evidentiary showing than has been provided.  Conversely, if the Debtors intend to pay only a subset of that amount, the Motion fails to clearly identify which vendors or claims will be prioritized.

18.     This lack of clarity prejudices the Committee, other unsecured creditors and prevents meaningful evaluation of the Motion.  The Court should not approve relief of this scale without a clear statement of the total authorized payments and appropriate safeguards.

## RESERVATION OF RIGHTS

19.     The Committee further reserves the right to supplement or amend this Objection and to raise additional arguments in response to any reply or at any hearing.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court (i) deny the Motion in its current form; or (ii) in the alternative, condition any approval on the Debtors providing enhanced disclosures and safeguards, including a detailed vendor-by-vendor breakdown of amounts, clarity as to the total amount authorized to be paid, and appropriate reporting and oversight mechanisms; and (iii) grant such other relief as the Court deems just and proper.

Dated: Wichita, Kansas
      June 4, 2026                        **MARTIN PRINGLE ATTORNEYS AT LAW**

                                     */s/ Samantha M. H. Woods*
                                     W. Rick Griffin (Bar No. 21628)
      Samantha M. H. Woods (Bar No. 25929)
      645 E. Douglas, Suite 100
      Wichita, KS 67202
      Telephone:    (316) 265-9311
      Facsimile:    (316) 265-2955
      E-mail:         wrgriffin@martinpringle.com
                         smwoods@martinpringle.com

      **MCDERMOTT WILL & SCHULTE LLP**

      */s/ Kristin K. Going*
      Kristin K. Going (*pro hac vice* forthcoming)
      Darren Azman (*pro hac vice* forthcoming)
      Nathaniel Allard (*pro hac vice* forthcoming)
      One Vanderbilt Avenue
      New York, NY 10017-3852
      Telephone:    (212) 547-5400
      Facsimile:    (212) 547-5444
      E-mail:         kgoing@mcdermottlaw.com
                         dazman@mcdermottlaw.com
                         nallard@mcdermottlaw.com
                         jclee@mcdermottlaw.com

      *Proposed Counsel to the Official*
      *Committee of Unsecured Creditors*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a true and correct copy of the foregoing was served by the

Court's CM/ECF system on all counsel of record registered in this case through CM/ECF.

*/s/  Samantha M. H. Woods*
Samantha M. H. Woods
