# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>INTEGRATED PROTEINS LLC<br><br>             DEBTOR. | Case No. 26-20713-11-DLS<br>**LEAD CASE**<br>*Jointly Administered with cases below* |
| IN RE:<br>NUTRIHUB LLC<br>             DEBTOR. | Case No. 26-20714-11 |
| IN RE:<br>HFO LOGISTICS LLC<br>             DEBTOR. | Case No. 26-20715-11 |
| IN RE:<br>INNOVITY VENTURES LLC<br>             DEBTOR. | Case No. 26-20800-11 |
| IN RE:<br>HUBBARD INGREDIENTS LLC<br>             DEBTOR. | Case No. 26-20802-11 |

## MOTION TO PROVIDE ADEQUATE PROTECTION TO VANCE PARTNERS, LLC/WILDCAT LOGISTICS

COME NOW Debtors Integrated Proteins LLC ("IP"), NutriHub LLC ("Nutrihub"), and HFO Logistics LLC ("HFO") (collectively "Debtors"), by and through their counsel David Prelle Eron of Prelle Eron & Bailey, P.A. and Robert J. Haupt of Haupt Law PC, and hereby request that the Court enter an Order allowing the Debtors to provide adequate protection to Vance Partners, LLC/Wildcat Logistics (collectively, "Warehousing 3PL Provider") pursuant to 11 U.S.C. § 361. In support thereof, the Debtors state as follows:

1. On May 6, 2026 ("Petition Date"), the Debtors filed their Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code. An unsecured creditors committee was appointed on May 26, 2026. No chapter 11 trustee has been appointed herein. Debtors are debtors-in-possession.

1

2. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334, its local rules, and 11 U.S.C. §§ 361-63.

3. Before the Petition Date, IP conducted business for several years with Warehousing 3PL Provider. Warehousing 3PL Provider provides warehousing, processing, transloading and related services for inventory purchases by IP. Pursuant to the Uniform Commercial Code §7-209 and applicable law, on the Petition Date Warehousing 3PL Provider held a first priority, general warehouse lien upon all goods in the possession of Warehousing 3PL Provider that were owned by IP, such lien being perfected by possession. This Motion does not seek any determination concerning the nature, extent, validity, or priority of this lien.

4. On the Petition Date, Warehousing 3PL Provider was holding approximately $650,538.26 of inventory owned by IP ("Warehousing 3PL Provider Inventory"). IP required and continues to require delivery of the inventory stored by Warehousing 3PL Provider in order to continue producing and selling products from and after the Petition Date.

5. On the Petition Date, Warehousing 3PL Provider held a claim against IP of approximately $302,916.84 (the "Pre-Petition Claim"). The Pre-Petition Claim is secured by the Warehousing 3PL Provider Inventory. Continued access to the Warehousing 3PL Provider Inventory and the goods and services provided by Warehousing 3PL Provider are critical to the success of the Debtors and their chapter 11 estates. Warehousing 3PL Provider will only a) continue providing goods and services post-petition, and b) release the Warehousing 3PL Provider Inventory if IP agrees to provide adequate protection.

6. IP entered into a post-petition transactional Memorandum of Understanding (the "MOU") on June 30, 2026 with Warehousing 3PL Provider. Said MOU acknowledges Warehousing 3PL Provider's security interest in and to the Warehousing 3PL Provider Inventory

2

located at Warehousing 3PL Provider's South Carolina Warehouse. According to the terms of the MOU, as adequate protection, Debtors propose to provide Warehousing 3PL Provider with the following:

a. a replacement lien on inventory acquired post-petition and stored at Warehousing 3PL Provider's facility, in all respects equal to the nature, extent, validity, and priority as existed on the Petition Date;

b. an obligation by IP to maintain the Warehousing 3PL Provider Inventory held by Warehousing 3PL Provider at a value of not less than one hundred twenty per cent (120%) of the Pre-Petition Claim;

c. a reservation of Warehousing 3PL Provider's right to assert an administrative claim under Section 503(b) for any diminution in the value of Warehousing 3PL Provider's lien on the Warehousing 3PL Provider Inventory from and after the Petition Date, to the extent that such diminution impairs the secured amount of the Pre-Petition Claim;

d. payment of post-petition charges on a "net 15" basis; and,

e. a weekly payment of $3,574.25 (the "Pre-Petition Payment"), which shall be applied solely to reduce the unpaid balance of the Pre-Petition Claim, together with post-petition interest at the rate of 10% per annum, costs, expenses, and reasonable attorneys' fees. The weekly Pre-Petition Payment is in addition to, and shall not reduce, replace, defer, or impair Debtors' obligation to pay all post-petition invoices due to Warehousing 3PL Provider.

The foregoing is only a summary of the terms of the MOU. A true and correct copy of the MOU is attached hereto as "Exhibit 1".

3

7.       Debtors state that the proposed terms are not unduly burdensome on Debtors and will not prejudice the rights of unsecured creditors.

8.       Debtors request that any Order granting this Motion be without prejudice to Debtors, Warehousing 3PL Provider, or any other party subsequently filing a motion to modify the adequate protection provided to Warehousing 3PL Provider, but any subsequent modification shall not have any effect on the adequate protection previously provided.

WHEREFORE, Debtors pray for entry of an Order authorizing the approval of adequate protection to Warehousing 3PL Provider as listed above in the manner indicated pursuant to 11 U.S.C. § 361, approving all of the terms and conditions of the MOU, and for such other and further relief as the Court deems just and equitable.

<table>
<tr><td>PRELLE ERON & BAILEY, P.A.<br><i>Attorneys for Debtors</i><br><u>/s/ David Prelle Eron</u><br>David Prelle Eron, #23429<br>January M. Bailey, #23926<br>301 N. Main St., Suite 2000<br>Wichita, KS 67202<br>316-262-5500 / 316-262-5559 (fax)<br>david@eronlaw.net<br>january@eronlaw.net</td><td>HAUPT LAW PC<br><i>Attorneys for Debtors</i><br><u>/s/ Robert J. Haupt</u><br>ROBERT J. HAUPT, #28216<br>9393 W 110th Street, Suite 500<br>Overland Park, KS 66210<br>913-498-9390 / 405-706-9292<br>rhaupt@hauptlaw.com</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026 a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to the Office of the U.S. Trustee and to all parties of interest participating in the CM/ECF system.

Furthermore, I certify that true and correct copies of the same were forwarded via U.S. Mail, First Class, postage prepaid and properly addressed to the following:

See Attached Matrix.

<u>/s/ Margaret R. Spangler</u>
MARGARET R. SPANGLER
Assistant to David Prelle Eron

4