**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| In re:<br>INTEGRATED PROTEINS LLC<br>DEBTOR. | ) | Case No. 26-20713-11<br>LEAD CASE |
| Jointly Administered with cases below<br>IN RE: NUTRIHUB LLC<br>DEBTOR. | ) | Case No. 26-20714-11 |
| IN RE: HFO LOGISTICS LLC<br>DEBTOR. | ) | Case No. 26-20715-11 |
| IN RE: INNOVITY VENTURES, LLC<br>DEBTOR. | ) | Case No. 26-20800-11 |
| IN RE: HUBBARD INGREDIENTS, LLC<br>DEBTOR | ) | Case No. 26-20802-11 |
| IN RE: PURDY BOYS, LLC<br>DEBTOR | ) | Case No. 26-21116-11 |

**MOTION TO PROVIDE ADEQUATE PROTECTION TO THE HUNTINGTON BANK**

COMES NOW, Debtor Purdy Boys, LLC ("**Purdy Boys**" or "**Debtor**"), by and through its counsel Conroy Baran, LLC, and hereby requests that the Court enter an Order allowing Debtor to provide adequate protection to The Huntington Bank ("**Huntington**") pursuant to 11 U.S.C. § 361. In support thereof, the Debtor states as follows:

1. On July 24, 2026, the Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (the "**Petition Date**"). No creditors committee has been appointed herein. No chapter 11 trustee has been appointed herein. Debtor is a debtor-in-possession.

2. Debtor is a Missouri limited liability company and is the wholly-owned subsidiary of Innovity Ventures, LLC.

3. Innovity Ventures, LLC, is part of a group of interrelated companies, including Integrated Proteins LLC, NutriHub LLC, and HFO Logistics LLC (collectively, the "**IP Debtors**"),

which are engaged in manufacturing pet food (the "**Business**") in and around the greater Kansas City metro area in both Kansas and Missouri.

4. Integrated Proteins LLC is the primary operating company, manufacturing and selling the pet food products. HFO Logistics LLC provides freight and transportation services for the manufactured products and inventory. NutriHub LLC is the sole member of both Integrated Proteins LLC and HFO Logistics LLC. Hubbard Ingredients, LLC, owns the majority interest in NutriHub LLC, and leases a single factory to Integrated Proteins LLC.

5. Debtor and Innovity Ventures, LLC, own substantial portions of the Business' rolling stock and manufacturing equipment. Additionally, Innovity Ventures, LLC, and Purdy Holding Group, LLC (a subsidiary of Hubbard Ingredients, LLC) lease or sublease certain factories to Integrated Proteins LLC where Integrated Proteins LLC conducts its manufacturing operations.

6. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, its local rules, and 11 U.S.C. §§ 361-63.

7. Upon information and belief, Huntington provided financing for equipment purchases by Debtor and the financing is secured by four (4) Timpte Hopper Trailers. Upon information and belief, Huntington holds a perfected lien on the four (4) Timpte Hopper Trailers.

8. This Motion does not seek any determination concerning the nature, extent, validity, or priority of any lien held by Huntington.[1]

9. The equipment subject to Huntington's lien is necessary for the operation of the Business.

10. Prior to the Petition Date, pursuant to the Interim Order Authorizing Interim Use of Cash Collateral and Payment of Adequate Protection (Doc. 72) entered in the Chapter 11 bankruptcy

[1]Debtor reserves the right to fully evaluate and object to any lien held by Huntington.

case of Integrated Proteins, LLC, D. Kan. Case No. 26-20713, Integrated Proteins, LLC, had been authorized to fund 75% of Purdy Boys, LLC's obligations to creditors, which includes Huntington.[2] That authorization has been continued through the Second Interim Order (Doc. 243) and the Third Interim Order (Doc. 294), which extends through August 22, 2026. Additionally, this Court entered an Interim Order Authorizing Use of Cash Collateral in the Purdy Boys case, Case No. 26-21116 (Doc. 44) on August 11, 2026, which includes a budgeted adequate protection payment of $3,700.00 per month to Huntington. Debtor now proposes to continue making adequate protection payments of $3,700.00 per month, equal to approximately 75% of Huntington's contract rate, which will be applied to ongoing interest and principal. No payments shall be applied to any prepetition arrears.

WHEREFORE, Debtor prays for entry of an Order authorizing approval of adequate protection to The Huntington Bank, and for such other and further relief as the Court deems just and proper.

This Motion is dated August 19, 2026.

Respectfully submitted,

**CONROY BARAN, LLC**

*<u>/s/ Aaron M. Othmer</u>*
Robert S. Baran (KS #19681)
Aaron M. Othmer (KS #27121)
1316 Saint Louis Ave., 2nd FL
Kansas City, Missouri 64101
(816) 616-5009 – Office

---

[2] "Debtors are authorized to fund intercompany payments that are necessary to pay for ongoing usage of employees, factories, facilities, equipment, and rolling stock. These payments are reflected on the Budget[…] [T]here is a line for 'HFO Transfer – Purdy Boys Debt,' which represents secured creditor payments for leased and financed equipment being paid by [Integrated Proteins] to [HFO Logistics], and then [HFO Logistics] to [Purdy Boys], who then pays the applicable creditor. Debtors are authorized to continue making the applicable payments, reduced by 25% post-petition, as reflected in the 'Post-Filing Expense Reductions' section of the Budget titled 'Reduce debt service on Equipment.' In the case of rental payments to affiliated parties, such payments shall be limited to the amount necessary to maintain reasonably necessary operating expenses for the applicable facility. In the case of applicable equipment payments, Debtors are authorized to make adequate protection payments to applicable lessors and/or lienholders, at 75% of the pre-petition payment amount." *See Interim Order Authorizing Interim Use of Cash Collateral and Payment of Adequate Protection* (Docket no. 072), pgs. 8-9, filed May 15, 2026.

rbaran@conroybaran.com; aothmer@conroybaran.com
*Proposed Counsel For Debtor Purdy Boys, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to the Office of the U.S. Trustee and to all parties of interest participating in the CM/ECF system.

Furthermore, I certify that on August 19, 2026, I requested this document and any referenced attachments thereto be served by prepaid First-Class U.S. Mail on the parties set forth on the limited notice list. Debtor will file a supplemental certificate of service identifying the parties served by U.S. Mail within 3 business days.

/s/ *Aaron M. Othmer*
Aaron M. Othmer