**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 26-20713** |
| **Integrated Proteins, LLC,** | ) | **Chapter 11** |
| **Debtor.** | ) | **Jointly Administered; Lead Case** |
| **Nutrihub, LLC,** | ) | **Case No. 26-20714** |
| **Debtor.** | ) | |
| **HFO Logistics, LLC,** | ) | **Case No. 26-20715** |
| **Debtor.** | ) | |
| **Innovity Ventures, LLC,** | ) | **Case No. 26-20800** |
| **Debtor.** | ) | |
| **Hubbard Ingredients, LLC,** | ) | **Case No. 26-20802** |
| **Debtor.** | ) | |
| **Purdy Boys, LLC,** | ) | **Case No. 26-21116** |
| **Debtor.** | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE REQUEST FOR ADEQUATE PROTECTION PAYMENTS**

COMES NOW Daimler Truck Financial Services USA LLC ("Movant") by and through its counsel, Pamela R. Putnam and the law firm of Sandberg Phoenix & von Gontard and requests this Honorable Court enter for an order terminating the automatic stay, in order that it may foreclose, repossess, or otherwise liquidate its collateral or in the alternative adequate protection. In support of this Motion for Relief from the Automatic Stay or in the Alternative Adequate Protection Payments (the "Motion"), Movant states as follows:

## PARTIES

1. The Purdy Boys, LLC (hereinafter, the "Debtor"), filed a petition in the United States Bankruptcy Court for the District of Kansas on July 24, 2026 (the "Petition Date").

2. Movant is a secured creditor in the case, and therefore, a party-in-interest in Debtor's bankruptcy case.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. 157 and 1334, as this core proceeding arises in Debtor's Chapter 11 bankruptcy case.

4. Venue in this Court is proper pursuant to the provisions of 28 U.S.C. § 1409(a) as Debtor's bankruptcy case is pending before this Court.

## LOAN DOCUMENTS AND BACKGROUND

5. Between 2022 and 2025, Debtor entered into various contracts with Movant for the financing of 58 trucks and trailers (collectively, the "Collateral"). The Collateral is more fully described in the attached **Exhibit A**.

6. Movant perfected its security interest in the Collateral by noting its lien on the certificates of title for each item of Collateral and/or by filing appropriate UCC financing statements.

7. Movant holds a valid, enforceable, security interest in the Collateral.

8. There is no equity in the Collateral.

9. Debtor defaulted under the terms of the contracts by failing to make required payments to Movant.

10. Movant is entitled to relief from the automatic stay as there is no equity in the Collateral, and the loan is in default. Alternatively, Movant is entitled to immediate adequate protection payments.

## REQUESTED RELIEF

*A. RELIEF FROM STAY*

11. 11 U.S.C. § 362(d) of the Bankruptcy Code provides that:

> d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; and
(2) with respect to a stay of an act against property under subsection (a) of this section, if-
A. the debtor does not have an equity in such property; and
B. such property is not necessary for an effective reorganization.

12. Pursuant to 11 U.S.C. § 362(a), Movant is prohibited from commencing or continuing any judicial, administrative, or other action or proceeding against the Collateral in which Debtor's bankruptcy estate may have an interest.

13. Pursuant to 11 U.S.C. § 362(d)(1), Movant is entitled to relief from the automatic stay for cause as Debtor has failed to adequately protect Movant's interest in the Collateral by failing to make payments to Movant.

14. Pursuant to 11 U.S.C. § 362(d)(2), Movant is entitled to relief from the automatic stay for cause as Debtor has no equity in the Collateral.

15. Movant will suffer irreparable damage if the relief requested is not granted immediately, as the interest of Movant is not adequately protected and continues to depreciate.

16. The automatic stay must be terminated to allow Movant to liquidate the Collateral

to afford Movant the opportunity to minimize its losses and claims against the Debtor.

17. Movant requests that the stay provided in Federal Rules of Bankruptcy 4001(a)(4) shall not apply to the order entered pursuant to this Motion.

*B. ADEQUATE PROTECTION OF MOVANT'S INTEREST IN THE COLLATERAL*

18. 11 U.S.C. § 363(e) requires that adequate protection be given to any entity whose interest in the property is affected by the debtor's use, sale, or lease of property. See 11 U.S.C. § 363(e); *see also Thompson v. GMAC, L.L.C.*, 566 F.3d 699, 706 (7th Cir. 2009) (modification of stay appropriate where debtor lacks equity in collateral.) There is no equity in the Collateral.

19. 11 U.S.C. § 361 provides that when protection of an interest in property is required under 11 U.S.C. §§ 362 and 363, such adequate protection may be provided by way of cash payments, the granting of additional liens, or compensation as an administrative expense to the affected entity's property interest.

20. Movant and Debtor have agreed to the following terms of adequate protection:

a. Debtor shall make monthly adequate protection payments to Movant in the amount of $102,300.00 per month, with the first payment due on the first day of the month following entry of an order on this Motion;

b. In the event Debtor fails to make any adequate protection payment when due, Movant shall provide Debtor with written notice of such delinquency. If the delinquency is not cured within ten (10) days of such notice, Movant may submit an order granting relief from the automatic stay without further notice or hearing.

**WHEREFORE**, Movant respectfully requests that this Court enter an order terminating the automatic stay, pursuant to 362(d)(1), permit Movant to enforce its rights in the Collateral,

including leave to pursue any and all available statutory and contractual remedies against the Collateral; for an Order finding that Movant has a valid, enforceable, unavoidable, first priority perfected security interest in the Collateral; for a waiver of the fourteen (14) day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; that, if relief from stay is not granted as to the Collateral, in the granting adequate protection of Movant's interest in the Collateral on the terms set forth herein; and requiring the Debtor to continue making monthly installment payments to Movant until such time as the Collateral may be surrendered to Movant or a plan is confirmed; and that the Order be binding and remain in full force and effect irrespective of a conversion of this case to a different Chapter of the Bankruptcy Code; and for such other and further relief as is just and equitable.

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.

*/s/ Pamela R. Putnam*

Pamela R. Putnam, MO #61158
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816.627.5543 Tel/816.627.5532 Facsimile
pputnam@sandbergphoenix.com
*Attorney for Daimler Truck Financial Services USA LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 1st day of September, 2026, Daimler Truck Financial Services USA LLC's Motion for Relief from Stay or in the Alternative Adequate Protection Payments was electronically filed with the Court using the Court's CM/ECF system, was served on all interested parties receiving electronic notification and a copy with exhibits was placed in the U.S. mail, postage prepaid, addressed to the following:

Purdy Boys, LLC
1480 NW Vivion Rd
Kansas City, MO 64118

Robert Baran
Mann Conroy LLC
1316 Saint Louis Ave 2nd Fl
Kansas City, MO 64101

Aaron Othmer
Conroy Baran, LLC
1316 Saint Louis Ave
2nd Floor
64101, Ste 2nd Floor
Kansas City, MO 64101

Richard A Kear
John Nemecek
Jordan M Sickman
DOJ-Ust
301 N Main St
Suite 1150
Wichita, KS 67202

*/s/ Pamela R. Putnam*
Pamela R. Putnam